## McKENNA *v.* SIMPSON.

ERROR TO THE SUPREME COURT OF THE STATE OF TENNESSEE.

No. 767. Submitted January 4, 1889. — Decided March 5, 1889.

A state court has jurisdiction of an action brought by an assignee in bankruptcy to set aside, as made to defraud creditors, conveyances made by the bankrupt before the bankruptcy.

When an assignee in bankruptcy resorts to a state court to set aside a conveyance by the bankrupt as made to defraud creditors, and no question is raised there as to his power under the acts of Congress, or as to the rights vested in him as assignee, the judgment of the state court is subject to review here in the same manner and to the same extent as

proceedings of a similar character by a creditor to set aside conveyances
in fraud of his rights by a debtor.

The decision of the state court in this case, as to what should be deemed a
fraudulent conveyance and as to the application of the evidence in reaching that decision, presents no Federal question.

THE case, as stated by the court in its opinion, was as follows:

This was a suit by an assignee in bankruptcy to set aside certain conveyances of the bankrupt, and of others under his direction, upon the ground that they were made to defraud his creditors. It was commenced in one of the courts of Tennessee. The facts upon which it is founded, briefly stated, are as follows: In August, 1878, Robert McKenna, a resident of that State, one of the defendants below, filed his petition in bankruptcy in the District Court for the Western District of Tennessee, and was, in November, 1878, adjudged a bankrupt. In December following, Oscar Woodbridge was appointed his assignee, and a deed of assignment was made to him of the property and effects of the bankrupt.

In May, 1880, the assignee filed a bill in the Chancery Court of Shelby County, Tennessee, against the bankrupt and his infant daughter, Maud McKenna, to set aside, as fraudulent and void, certain conveyances of about two hundred acres of land in that county; one executed by the bankrupt, Robert McKenna, dated February 15, 1873, to Solomon Rose, for the alleged consideration of $8000; one executed by Rose on the same day for the like consideration to Mrs. John Kirkup, of Kentucky, a sister of McKenna; and one executed by Mrs. Kirkup, August 1, 1876, to Mrs. Anna McKenna, wife of the bankrupt, and her three children, for the alleged consideration of $5000. Of these grantees, Maud McKenna was the only one surviving when the bill was filed. Metcalf and Walker were also made defendants because they claimed a lien upon the premises which had been adjudged in their favor in another suit. Woodbridge, the assignee, having died, the suit was revived in the name of J. Lawence Simpson, who had been appointed assignee in place of the deceased. Afterwards

the defendant Robert McKenna filed an answer to the complaint, denying that the conveyances were fraudulent and void, and alleging that the object of them was to effect a settlement of the land upon his wife and children, and that his financial condition at the time was such as to render it legal and proper for him to do so, as he had no debts. Robert McKenna having been appointed guardian of Maud McKenna, an answer was filed by him, as such guardian, for her, in which substantially the same matters of defence were set up. The defendants Metcalf and Walker filed an answer and also a cross-bill, asserting their lien on the premises. Proofs were then taken, from which it appeared that no money consideration ever passed between the parties to the several conveyances mentioned; that Solomon Rose, grantor to Mrs. Kirkup, never saw her, and did not remember anything about the transaction, except that McKenna came to his office and asked him to go to the court-house and make the conveyance; and that the deed of Mrs. Kirkup, dated August 1, 1876, was acknowledged July 18, 1878, one month before McKenna's bankruptcy, and was not registered until January 15, 1879, six months afterwards. The court held that the conveyances were voluntary and fraudulent, and made to hinder, delay and defraud the creditors of the bankrupt McKenna; and further, that the conveyances were inoperative to create an estate in the wife and children of McKenna as against the assignee in bankruptcy, the same not having been filed for registration until after the adjudication of the bankruptcy of McKenna. It was also held that the defendants Metcalf and Walker were entitled to the lien asserted by them. A decree was accordingly entered in favor of the complainant, adjudging that the title to the land was in him as assignee, and that neither the defendant Robert McKenna nor Maud McKenna had any title thereto, and ordering that the complainant recover the land and possession thereof; and also in favor of the defendants Metcalf and Walker for their lien on the land. On appeal to the Supreme Court of the State a decree was entered there, in substance, and almost in identical language, in effect affirming the decree appealed from. To review this latter decree the

case is brought here on writ of error by Robert and Maud McKenna. The defendants in error now move to dismiss the writ on the ground that this court has no jurisdiction to review that decree.

*Mr. William M. Randolph* for plaintiffs in error, argued the case on its merits in his brief. On the question of jurisdiction, he said: In *Glenny* v. *Langdon*, 98 U. S. 20, Mr. Justice Clifford said: "Neither the assignee nor any creditor can have any gre′ ter right under the Bankrupt Act than the act itself confers.' In the same case the same judge said: "Creditors can have no remedy which will reach property fraudulently conveyed, except through the assignee, for two reasons: 1, because all such property, by the express words of the Bankrupt Act, vests in the assignee by virtue of the adjudication in bankruptcy and of his appointment: 2, because they cannot sustain any suit against the bankrupt. Property fraudulently conveyed vests in the assignee, who may recover the same and distribute its proceeds as the Bankrupt Act requires." In that case the bill was by creditors who sought to maintain a suit to set aside a conveyance made by bankrupt, in fraud of the creditors, the assignee refusing to proceed. In *Trimble* v. *Woodhead*, 102 U. S. 647, *Glenny* v. *Langdon* was re-affirmed, as it was also in the later case of *Moyer* v. *Dewey*, 103 U. S. 301. It is then upon the Bankrupt Act alone that this case is to turn. In *Kidder* v. *Horrobin*, 72 N. Y. 159, the Court of Appeals held that a state court had jurisdiction of an action by an assignee in bankruptcy to recover a debt due the bankrupt. In *Olcott* v. *Maclean*, 73 N. Y. 223, the same court held that a state court had jurisdiction of an action by an assignee in bankruptcy to recover property conveyed by the bankrupt in fraud of his creditors. In *Burton* v. *Geiler*, 108 U. S. 161, this court reviewed on a writ of error to the Supreme Court of Tennessee, a decree rendered in the state court, in a suit brought by an assignee in bankruptcy, to set aside a conveyance made by the bankrupt in fraud of his creditors, and affirmed the decree. And I take it that, although the court did not in that case discuss the question, I am to assume it is

the settled law that the state court in this case had jurisdiction of the original suit, and this court has jurisdiction by the present writ of error. Upon the question of the jurisdiction of this court over the judgment or decree of the Supreme Court of Tennessee by this writ of error, I refer also to *O'Brien* v. *Weld*, 92 U. S. 81; *Sharpe* v. *Doyle*, 102 U. S. 686; *Factors' and Traders' Insurance Co.* v. *Murphy*, 111 U. S. 738; *Hill* v. *Harding*, 107 U. S. 631; *Palmer* v. *Hussey*, 119 U. S. 96; *Winchester* v. *Heiskell*, 119 U. S. 450; *Jenkins* v. *International Bank*, 127 U. S. 484; *Mace* v. *Wells*, 7 How. 272; *Peck* v. *Jenness*, 7 How. 612; *Bush* v. *Cooper*, 18 How. 82.

Mr. C. W. Metcalf and Mr. S. P. Walker for defendants in error.

MR. JUSTICE FIELD delivered the opinion of the court.

Section 709 of the Revised Statutes points out the cases in which the judgment or decree of the highest court of a State, in which a decision could be had, may be reviewed by the Supreme Court of the United States. It provides for such review in three classes of cases; First, where is drawn in question the validity of a treaty or statute of, or an authority exercised under, the United States, and the decision is against its validity; second, where is drawn in question the validity of a statute of, or an authority exercised under, any State, on the ground of its being repugnant to the Constitution, treaties, or laws of the United States, and the decision is in favor of its validity; third, where any title, right, privilege, or immunity is claimed under the Constitution, or any treaty or statute of, or commission held or authority exercised under, the United States, and the decision is against the title, right, privilege, or immunity specially set up or claimed by either party under such Constitution, treaty, statute, commission, or authority.

In neither of the clauses mentioned is there any provision which covers the present case. It is true, by § 4972 of the Revised Statutes the jurisdiction of the District Courts of the United States, as courts of bankruptcy, extends to all cases and controversies arising between the bankrupt and any

creditor or creditors who may claim any debt or demand under the bankruptcy, and to the collection of the assets of the bankrupt, and, indeed, to all acts, matters or things to be done under and in virtue of the bankruptcy, until the final distribution and settlement of his estate, and the close of the proceedings in bankruptcy. Under these provisions the assignee might undoubtedly have brought suit to set aside the conveyances in question in the District Court of the United States for the district. Had he done so, this court would have had jurisdiction to review its decree; but he was not precluded from proceeding in the state court to set aside the alleged fraudulent conveyances. And when he resorted to that court, and no question was raised as to his power under the acts of Congress, or the rights vested in him as assignee, the proceedings were governed, and the judgment of the court upon the validity of the conveyances was subject to review, in the same manner and to the same extent, as proceedings of a similar character by a creditor to set aside conveyances in fraud of his rights by a debtor. *Glenny* v. *Langdon*, 98 U. S. 20, and *Trimble.* v. *Woodhead*, 102 U. S. 647, were cases commenced in the Circuit Court of the United States; and *Barton* v. *Geiler*, 108 U. S. 161, was commenced in a state court. See also *Clark* v. *Ewing*, 9 Bissell, 440; *Olcott* v. *Maclean*, 73 N. Y. 223; and *Goodrich* v. *Wilson*, 119 Mass. 429. In the proceedings in the state court no decision was made against the validity of any statute of, or authority exercised under, the United States, or against any title, right, privilege, or immunity claimed under the Constitution of the United States or any statute thereof. No question, indeed, arose under the action of the state court which could bring its decision within the provisions of § 709 of the Revised Statutes.

The several cases to which our attention is called, as being in supposed conflict with this view, have no bearing upon the questions involved. In *O'Brien* v. *Weld*, 92 U. S. 81, the question arose whether under the bankrupt act the District Court of the United States had authority to make the order involved, and the decision of the highest state court was against the authority; and that was held sufficient to sustain

the Federal jurisdiction. In *Factors' Insurance Co.* v. *Murphy*, 111 U. S. 738, the effect to be given to a sale of property under an order of the District Court in bankruptcy was in question, the authority of the court to direct a sale free from encumbrances being denied. *Jenkins* v. *National Bank of Chicago*, 127 U. S. 484, involved a question as to the authority of the assignee in bankruptcy to institute a suit touching any property or rights of property vested in him after the expiration of two years from the time when the cause of action accrued.

The decision of the state court as to what should be deemed a fraudulent conveyance does not present any Federal question, nor does the application by the court of the evidence in reaching that decision raise one.

We are of opinion, therefore, that this court has no jurisdiction to review the judgment of the Supreme Court of Tennessee.

*The writ of error must consequently be dismissed; and it is so ordered.*