SESSIONS v. GOULD et al.

(Circuit Court, S. D. New York. April 2, 1894.)

1. PATENTS — CONSTRUCTION OF CLAIMS — PRELIMINARY INJUNCTION — FINAL HEARING.

The construction placed upon a claim by the court upon granting a preliminary injunction should be followed at the final hearing, when there has been no substantial change in the cause so far as it relates to the question of construction.

2. SAME—DEFENSES—PUBLIC USE AND SALE—PRESUMPTIONS.

The presumptions are strongly against the defense of public use and sale, especially in the case of an experienced inventor, who would not thus throw away the fruits of his invention; and the defense is not made out when the witnesses are shown to be unreliable as to their dates.

3. SAME—INFRINGEMENT—TRUNK FASTENERS.

The Taylor patent, No. 203,860, for trunk fasteners, construed as to the second claim, which is *held* to be valid, and to have been infringed by defendants; but *held*, further, that the first and fourth claims were not infringed.

4. SAME.

The Sessions patent, No. 255,122, for trunk fasteners, is void for want of novelty and invention.

This is a bill in equity filed by John H. Sessions against William B. Gould and others for infringement of patents for trunk fasteners.

Charles E. Mitchell and John P. Bartlett, for complainant.

Arthur v. Briesen, for defendants.

COXE, District Judge. This is an infringement suit founded upon two letters patent, viz. No. 203,860, granted to Charles A. Taylor, May 21, 1878, and No. 255,122, granted to John H. Sessions, Jr., March 21, 1882. Both patents are now owned by the complainant. They are both for improvements in trunk fasteners of the variety covered by letters patent No. 128,925, granted to Taylor in 1872. This first patent was the subject of protracted litigation. It was finally sustained by the supreme court, and given a broad construction in Sessions v. Romadka, 145 U. S. 29, 12 Sup. Ct. 799.

The patents in suit were before this court on a motion for a preliminary injunction. The motion was granted, and a construction was then placed upon the second claim of the Taylor patent. Sessions v. Gould, 49 Fed. 855. As this art had its inception years before the patents in suit, and as the devices covered by them are only improvements upon the structure of the 1872 patent, it is clear that a broad construction of these patents is out of the question. Each inventor is entitled to have his contribution to the art protected, but nothing more.

## No. 203,860.

The claims of the Taylor patent are as follows:

"(1) The plate, C, of a trunk catch or fastening, when the said plate has cast thereon one or more pins or posts, b, projecting horizontally from the rear face of the said plate, substantially as and for the purposes set forth. (2) A trunk catch or fastening, consisting of the combination of the plate, C, having thereon the lug or shoulder, L, the plate, G, and the snap loop, J, substantially as and for the purposes specified. (3) A trunk catch or fastening, consisting of the combination of the plate, C, having thereon the lug or shoulder, L, and the post or pin, b, the plate, G, box or recess, H, spring, I, and loop, J, having the cam, K, on its crossbar, all substantially as and for the purposes specified."

The defenses are lack of invention, noninfringement, and invalidity because of public use and sale by Taylor more than two years prior to February 18, 1878, the date of his application. I

am not quite able to ascertain from the complainant's brief whether he relies upon all these claims or only upon the second claim. Assuming that the first claim is valid, both the first and the third claims include as an element "the pin, b," which is described as being cast upon the plate which forms the upper part of the fastener. As the defendants do not have this pin, they do not infringe either of these claims. As before stated, the second claim has received judicial interpretation in this court. It was construed to contain a combination of the following elements: First. The plate, C, having thereon the lug or shoulder, L. Second. The plate, G, on which is the box or recess, H, for containing the spring, I, and through which box or recess passes the crossbar of the loop, J, having thereon the eccentric or cam, K, resting on the spring, I. Third. The snap loop, J, having thereon the cam, K.

It is contended that this construction is untenable because the same reasoning which places "the box, H," on plate, G, must place "the pin, b," on plate, C, and that the plate, C, with the pin, b, cast thereon, is a necessary element of the combination.

Again, it is said that the real advance pointed out in the patent is the use of the plate, G, beneath the box, H, and cast separately from it; that the claim must be construed as including such a plate, and, as the defendants do not have this plate, they do not infringe. It is evident, however, that these arguments were presented to the court on the motion, and were decided adversely to the defendants. The fact that in the defendants' fasteners the plate, G, and the box, H, are produced in a single casting, and not separately, as in complainant's structure, was held to be immaterial. So far as the construction of this claim is concerned, the cause is substantially in the same situation that it was in when the motion for an injunction was made. In such circumstances, I think the former decision should be followed. It is true that this rule has not always been adhered to in this circuit, but it is thought that the rule is a wise and salutary one for the orderly administration of equity jurisprudence, and especially so when it is so easy to obtain a speedy review.

The question of patentability, and all other questions, were reserved for final hearing. The claim, as above construed, is calculated to give the patentee what he has invented, and nothing more. His fastener is exceedingly popular, it has long been acquiesced in, and has sufficient novelty and points of excellence about it to support a patent.

The defense of public use and sale has not been sufficiently established. The burden is upon the defendants to satisfy the court that Taylor's fastener was publicly used prior to February 18, 1876. They have not done so. The witnesses called by the defendants are, in many instances, proved to be unreliable as to their dates, the presumptions are strongly against the defense, and it is altogether unlikely that an experienced inventor like Taylor would thus throw away the fruits of his invention. The court is convinced that the defense has not been established by the requisite preponderance of testimony.

No. 255,122.

The patent to John H. Sessions, Jr., is concededly a very narrow one. It introduces no new principle or mode of operation, but is confined to a clever method of forming and assembling the parts of a trunk fastener. The claim is as follows:

"In a trunk fastener of the class substantially such as is herein shown and described, the plate and spring box cast in one piece, with the snap loop receiving recesses, and the thin lugs by the side of said recesses, said lugs being adapted to be bent for holding the snap loop in place, substantially as described, and for the purpose specified."

Infringement is admitted. The defense is lack of novelty. The device of this claim is an improvement over the Taylor construction. So much may be conceded. But it is an exceedingly simple improvement,—such a change as would seem to be within the province of the skilled artisan. The patentee casts the box and plate in one piece instead of two, and holds the snap loop in place by thin lugs, which are adapted to be bent down for this purpose; but there was nothing novel about these features. The patent granted to Arnold for a trunk catch in June, 1878, shows a very similar construction. "The plate, A," says the patent, "is also provided with lugs, c, c, on each side of the recess, at about its center." It is true that these lugs are not shown as bent down, but they can be bent down, and Uitting, among others, showed the mechanic just how this could be done. Considering all that is shown in the prior art, and particularly the patents to Arnold and Uitting, I am constrained to hold that this patent is invalid for want of invention.

The complainant is entitled to the usual decree on the second claim of the Taylor patent, but without costs.