## GOULD et al. v. SESSIONS.

### (Circuit Court of Appeals, Second Circuit. April 22, 1895.)

#### No. 123.

1. WRIT OF ERROR—REVIEW — JUDGMENT IN CONTEMPT PROCEEDINGS—VIOLATION OF INJUNCTION AGAINST INFRINGEMENT OF PATENT.

   An order imposing a fine for contempt for violation of an injunction against infringing a patent is to be regarded, when the contempt proceedings are had upon a motion entirely disconnected from the proceedings upon final hearing, as a judgment in a criminal case, which is reviewable upon writ of error, and not by an appeal. 11 C. C. A. 550, 63 Fed. 1001, reaffirmed; New Orleans v. Steamship Co., 20 Wall. 387, followed; Worden v. Searls, 7 Sup. Ct. 814, 121 U. S. 14, distinguished.

2. PATENTS—VIOLATION OF INJUNCTION—SALE OF PATENTED ARTICLES IN CANADA.

   After the granting of a preliminary injunction, defendants, without any previous negotiations for a sale, shipped patented articles, made by them before the granting of the injunction, to Canada, and afterwards sold them to a dealer there, to be used in Canada. *Held* that, as Canada was a territory in which the patentee had no exclusive right, the sale there was not a violation of the injunction.

In Error to the Circuit Court of the United States for the Southern District of New York.

This was a motion by the complainant in the suit of John H. Sessions against William B. Gould and others, for infringement of a patent, to have defendants punished for contempt for alleged violation of an injunction. The circuit court, having found defendants guilty, ordered them to pay a·fine of $500. Defendants brought error.

Arthur v. Briesen, for plaintiffs in error.

John P. Bartlett and Charles E. Mitchell, for defendant in error.

Before WALLACE and SHIPMAN, Circuit Judges, and BROWN, District Judge.

SHIPMAN, Circuit Judge. Upon a motion for preliminary injunction by John H. Sessions, complainant in a bill in equity against William B. Gould and others, defendants, for an infringement of letters patent in regard to trunk fasteners, the circuit court for

the Southern district of New York granted a temporary injunction. 49 Fed. 855. The complainant, thereafter claiming that the defendants had violated the injunction order, proceeded, by motion in the cause, to have them punished for contempt. The circuit court, upon hearing the parties, found that the defendants were guilty of contempt, and ordered them to pay a fine of $500. Upon the appeal of the defendants from the order, this court held that, if it was to be treated as part of the original suit, it was interlocutory in its character, and could only be corrected by an appeal from the final decree, and, if it was an independent proceeding, it was a judgment in a criminal case, and could be reviewed only upon a writ of error. 63 Fed. 1001, 11 C. C. A. 550. The interlocutory decree of the circuit court upon final hearing in favor of the complainant in the bill in equity (60 Fed. 753) has been affirmed by this court upon appeal. 63 Fed. 1001, 11 C. C. A. 546. The defendants have now brought a writ of error to obtain a reversal of the order, and the first question is whether it was in effect a judgment in a criminal case. The motion for attachment for contempt was entirely disconnected from the proceeding upon final hearing, which took place before another judge than the one who heard the preliminary motion, and the fine was imposed as a fine to be paid to the government, and not to inure to the benefit of the plaintiff. In such a case the positive statement of the supreme court in New Orleans v. Steamship Co., 20 Wall. 387, seems to be decisive in regard to the character of the order: "Contempt of court is a specific criminal offense. The imposition of the fine was a judgment in a criminal case." The facts in the case are unlike those in Worden v. Searls, 121 U. S. 14, 7 Sup. Ct. 814, in which, though the proceedings were nominally those of contempt, the supreme court deemed them to be intermingled with proceedings for damages and costs, and, being a part of the record sent from the circuit court with the appeal from the final decree, to be reviewable under that appeal. The record, which consists of the affidavits, without a finding of facts, shows that, after the injunction order had been served upon the plaintiffs in error, they shipped to Canada a quantity of the infringing articles, which had been made before the injunction, without previously offering them for sale, or notifying any one of their wish to sell. The goods were followed by one of the defendants, who sold them to a trunk dealer in Montreal, who had been a customer of Sessions, and had been in the habit of buying the noninfringing articles. Upon this naked state of facts, we are of opinion that there was no violation of the injunction order. The sale was made in Canada, of trunk catches then in Canada, to a Canadian trunk manufacturer, to be there placed upon trunks in the ordinary course of business, and, so far as is known, no one of the articles was thereafter used in the United States. If the sale, which was the subject of Hobbie v. Jennison, 149 U. S. 355, 13 Sup. Ct. 879, in Michigan, of patented articles by the assignee of a patent for Michigan, knowing that they were to be used in Connecticut, a territory the right for which the seller did not own, and where they were used, did not constitute an infringement of the

patent, a sale in Canada, to be there used, of articles patented by letters patent of the United States, Canada being a territory in which the patentee had no exclusive right, cannot be regarded as in contempt of the injunction not in future to make or sell in violation of the patent. Inasmuch as the articles were made before the injunction, the manufacturer was not in contempt of the court's order; and, as no preliminary arrangements for the sale were made in the United States, the sale did not come within the prohibition. It is probable that the circuit court had misgivings in regard to the good faith of the affiants, but, as there is no contradiction of their statements, we regard the question as one of law, upon a state of facts not in substantial controversy. The order of the circuit court is reversed, with costs of this court.