## In re RUSCH.

### (Circuit Court of Appeals, Seventh Circuit. May 6, 1902.)

#### No. 769.

1. BANKRUPTCY— APPELLATE JURISDICTION — PROCEEDINGS REVIEWABLE BY ORIGINAL PETITION.

> The power given to the circuit courts of appeals by Bankr. Act 1898, § 24b, to superintend and revise by original petition the proceedings of the inferior courts of bankruptcy within their jurisdiction in matters of law, extends only to orders made in the bankruptcy proceedings proper, and does not embrace proceedings in plenary suits by the trustee against third parties which might have been maintained in a state court, but which, by consent of the defendant, have been brought and determined in the bankruptcy court.

¶ 1. Appeal and review of bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.

Petition to Review an Order of the District Court of the United States for the Eastern District of Wisconsin, in Bankruptcy.

This is an original petition filed in this court to review a decree entered in the district court of the United States for the Eastern district of Wisconsin on February 2, 1901; being the decree appealed from by the trustee in No. 770 (Stelling v. Lumber Co., 116 Fed. 261), and herewith decided, and also to review an administrative order of January 18, 1901, entered in the same proceeding. It appears by the petition that after the district court had announced its decision upon the petition of the trustee against the G. W. Jones Lumber Company, disposed of in the other case, and before that decision had been reduced to writing, the lumber company applied to the court in that proceeding for an administrative order with respect to the present disposition of the lumber, and to carry into effect the decree to be entered. That petition recites that the controversy had been decided, but that no formal judgment had been entered; that by the decision announced January 7, 1901, it was held that the lumber company is the owner and in possession of the lumber, and is entitled to proceed with its shipment, and to dispose of the same as the absolute and lawful owner thereof, without interference by the trustee, but according to the contract between it and Rusch Bros.; that the lumber company desired to begin its shipments immediately; and it prayed for an order defining its rights under the contract, specifying its duties with reference thereto, the corresponding rights and duties of the trustee, to the end that shipment of the lumber be proceeded with with promptness and with certainty as to the rights of all parties interested. Upon that petition and upon notice to the trustee the following order was entered on the 18th of January, 1901: "Ordered, that the G. W. Jones Lumber Company shall proceed to inspect and measure and load upon cars and ship out and account for all of its lumber, lath, shingles, slabs, railroad ties, and other products of logs which were subject of the controversy aforesaid in all respects as provided in and by the contract above mentioned, entered into August 9, 1899; that F. F. Stelling, as such trustee, may employ either or both of said bankrupts or any other person as an inspector or as inspectors to inspect and measure said lumber and other products as the same shall be loaded on cars for shipment by the said G. W. Jones Lumber Company; that if any differences shall arise between the inspection and measurement of the G. W. Jones Lumber Company, made as aforesaid, and the inspection and measurement of the inspector so to be provided by the trustee, the shipments shall nevertheless proceed, and such differences shall be adjusted later by the referee, Paul V. Cary. It is further ordered that as to all of the aforesaid lumber, lath, shingles, slabs, railroad ties, and other products of logs which have no definite purchase price named for them in the aforesaid contract, the said G. W. Jones Lumber Company shall give credit therefor upon the advances they have made as aforesaid at the wholesale market price of such products; that such wholesale market price shall be the Chicago wholesale market value thereof, less freight. And if the said lumber company and the said trustee cannot agree upon the amount so to be credited, the matter shall be submitted to and determined by the said referee, Paul V. Cary. It is further ordered that in accounting for all of said lumber, and in giving credits for the purchase price thereof, the said G. W. Jones Lumber Company apply such credits first upon their book account against the said Rusch Bros., and, after that shall have been balanced and discharged, that such credits be applied upon the notes held by the said lumber company against the said Rusch Bros., and, as fast as notes shall be paid and satisfied by applying such credits thereon, such notes shall be delivered to the said trustee; he, the said trustee, giving to said lumber company receipts for notes so delivered up. And it is further ordered that the said G. W. Jones Lumber Company may do the loading on cars of said lumber and other products, pay and keep accounts of the expense thereof, present such account to the referee, Paul V. Cary, for adjustment and allowance, who shall thereafter report the same to the court; and the court reserves the question of whether the amount so expended shall be adjudicated as a further ad-

vance made by said lumber company under the aforesaid contract. And it is further ordered that it is not intended to be determined by this order as to whether the interest shall be calculated to the 15th day of April, 1901, or to the time provided for in the contract of August 9, 1899, and the determination of this question is hereby reserved."

George P. Miller, for petitioner.
L. Z. Nash, for respondent.

Before JENKINS and GROSSCUP, Circuit Judges, and HUMPHREY, District Judge.

JENKINS, Circuit Judge. By section 24a of the bankruptcy act (30 Stat. c. 541) the circuit courts of appeals are given "appellate jurisdiction of controversies arising in bankruptcy proceedings from the courts of bankruptcy from which they have appellate jurisdiction in other cases." By subdivision "b" of that section such courts are given jurisdiction in equity, either interlocutory or final, to superintend and revise in matter of law the proceedings of the several inferior courts of bankruptcy within their jurisdiction. This revisory power is like to that conferred upon circuit courts under the bankruptcy act of 1867 (Rev. St. § 4986). Under that act it was ruled that the jurisdiction thus conferred upon the circuit courts was dual in character:

"First, jurisdiction as a court of bankruptcy over the proceedings in bankruptcy initiated by the petition, and ending in the distribution of assets among the creditors, and the discharge, or refusal of a discharge, of the bankrupt; secondly, jurisdiction as an ordinary court of suits at law or in equity brought by or against the assignee in reference to alleged property of the bankrupt, or to claims alleged to be due from or to him." Lathrop v. Drake, 91 U. S. 516, 23 L. Ed. 414.

This rule is applicable to the grant of jurisdiction under the present bankruptcy act. It follows that the power to revise by original petition here the ruling of the bankruptcy court extends only to some order made in the bankruptcy proceedings proper, and does not embrace proceedings in suits brought by the trustee in bankruptcy against third parties. In re Jacobs, 39 C. C. A. 647, 99 Fed. 539. We hold in the opinion in the principal case, herewith decided (Stelling v. Lumber Co., 116 Fed. 261), that the proceeding below was not "a proceeding in bankruptcy," but was in the nature of an independent suit by the trustee, which could have been maintained equally in a state court (Eyster v. Gaff, 91 U. S. 521, 23 L. Ed. 403; Claflin v. Houseman, 93 U. S. 130, 23 L. Ed. 833; McKenna v. Simpson, 129 U. S. 506, 9 Sup. Ct. 365, 32 L. Ed. 771; Kidder v. Horrobin, 72 N. Y. 159), and was maintainable in the bankruptcy court as a plenary suit, and only because of the submission of the G. W. Jones Lumber Company to its jurisdiction (Bardes v. Bank, 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175; Trust Co. v. Comingor, 22 Sup. Ct. 293, 46 L. Ed. ——). We cannot, therefore, properly entertain this petition to review the action of the court which is here complained of.

The petition must be dismissed