CHRISTENSEN ENGINEERING CO. v. WESTINGHOUSE AIR
BRAKE CO.

(Circuit Court of Appeals, Second Circuit. February 13, 1904.)

No. 64.

1. CONTEMPT—PROCEEDINGS FOR VIOLATION OF INTERLOCUTORY INJUNCTION—
   REVIEW.

   Under the rule laid down by the Supreme Court in the case of In re
   Debs, 158 U. S. 564, 15 Sup. Ct. 900, 39 L. Ed. 1092, an order in an equity
   suit adjudging the defendant guilty of contempt for violating an inter-
   locutory injunction restraining infringement of a patent cannot be re-
   viewed by the Circuit Court of Appeals, except upon an appeal from the
   final decree in the cause.

In Error to the Circuit Court of the United States for the South-
ern District of New York.

See 123 Fed. 632; 126 Fed. 764.

Wm. A. Jenner, for plaintiff in error.

Frederic H. Betts, for defendant in error.

Before WALLACE, TOWNSEND, and COXE, Circuit Judges.

WALLACE, Circuit Judge. This is a writ of error to review an
order of the court below adjudging the defendant in an equity suit
brought to restrain the infringement of a patent guilty of contempt
for violating an interlocutory injunction restraining such infringe-
ment.

This court has decided that such an order cannot be re-examined
here, unless upon an appeal from a final decree in the cause. If it
can be reviewed in the court in which it was made at the final hear-
ing of the cause, it is not a "final decision," within the meaning of
section 6 of the act conferring jurisdiction upon this court. We
reviewed such an order in Gould v. Sessions, 67 Fed. 163, 14 C. C.
A. 366, but that case was decided before the decision of the Su-
preme Court in Re Debs, 158 U. S. 564, 573, 15 Sup. Ct. 900, 39 L.
Ed. 1092. After the decision in Re Debs, the question arose again
in Nassau Electric R. Co. v. Sprague Electric Co., 95 Fed. 415, 37
C. C. A. 146, and we dismissed the writ of error with this observa-
tion: "Upon the authority of the Debs Case, we are constrained
to hold that the order cannot be reviewed, except upon an appeal
from the final decree in the cause." In Cary Manufacturing Com-
pany v. Acme Company, 108 Fed. 873, 48 C. C. A. 118, we reviewed
on writ of error an order imposing a fine upon the defendant in an
equity suit for the violation of an injunction. The injunction, how-
ever, was not interlocutory, but was granted by the final decree.
This circumstance was not referred to in the opinion, but explains
the apparent conflict between the decision and that in Nassau Elec-
tric R. Co. v. Sprague Electric Co. The order was final, in the sense
that it was a judgment in a criminal case, which was independent
of and separate from the original suit, and which could not be re-
viewed on an appeal from the final decree in that suit. Ex parte
Kearney, 7 Wheat. 38, 5 L. Ed. 391; New Orleans v. Steamship

Co., 20 Wall. 387, 392, 22 L. Ed. 354. In Butler v. Fayerweather 91 Fed. 458, 33 C. C. A. 625, 63 U. S. App. 120, the question whether an order like the present could be reviewed by this court was not involved. The order reviewed there was made in a cause to which the plaintiff in error was not a party, and committed him for his refusal to answer certain questions propounded to him as a witness; and the decision was placed upon the ground that in such a case the aggrieved party "has no opportunity to be heard when the cause is before the court at final hearing, and as to him the proceeding is finally determined when the order is made."

Whether the present order can be re-examined at the final hearing of the cause, at which time all previous interlocutory orders are open for review, is a question which we are not now called upon to decide. Unless it can, there can, of course, be no review by an appeal from the final decree. In Worden v. Searls, 121 U. S. 14, 7 Sup. Ct. 814, 30 L. Ed. 853—an equity cause to restrain the infringement of a patent—two orders fining the defendant for contempt for the violation of a preliminary injunction were reviewed and reversed upon an appeal from the final decree. In that case, however, the court regarded the orders as only nominally proceedings in contempt.

The hardship of compelling a party to wait until he can appeal from a final decree to obtain a review, especially in cases in which the defendant has been committed and is suffering imprisonment, is manifest, and we should be glad to be able to see our way clear to depart from our former decision. That decision, however, was constrained by the decision in the Debs Case, and the Debs Case is an authority which cannot be disregarded. This was an equity cause in which some of the defendants were adjudged guilty of contempt for the violation of a preliminary injunction and sentenced to imprisonment. Having been committed to jail, they applied to the Supreme Court for a writ of error, and also for one of habeas corpus. The court denied the writ of error, and it is stated by the reporter that it was denied "upon the ground that the order of the Circuit Court was not a final judgment or decree." When the application was made, the act establishing Circuit Courts of Appeals (Act March 3, 1891, c. 517, § 5, 26 Stat. 827 [U. S. Comp. St. 1901, p. 549]) authorized the Supreme Court to review by writ of error convictions in cases of infamous crime; and if the denial had been placed upon the ground that the case was not one of a conviction for an infamous crime, and therefore was reviewable only upon a certificate of division of opinion, there would have been no conflict between the decision and that in New Orleans v. Steamship Co., 2 Wall. 387, 22 L. Ed. 354, in which the court held that contempt of court is a criminal offense, and the imposition of a fine is a judgment in a criminal case. We are not at liberty to assume that the Supreme Court overlooked its former decision in New Orleans v. Steamship Co., or that its reporter incorrectly reported the later decision.

The writ of error is dismissed.