In re DE FOREST WIRELESS TELEGRAPH CO. et al.

NATIONAL ELECTRIC SIGNALING CO. v. DE FOREST WIRELESS TELEGRAPH CO. et al.

(Circuit Court, S. D. New York.  April 30, 1907.)

PATENTS—SUIT FOR INFRINGEMENT—VIOLATION OF INJUNCTION.

The violation of an injunction against infringement of a patent by a defendant *held* not willful, where it substituted a device believed to be noninfringing, and the fine for contempt for such violation fixed at the amount of complainants' damages, costs, and disbursements.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Patents, § 619.]

In Equity. Proceedings for contempt for violation of injunction. For former opinion, see 145 Fed. 354.

Thomas W. Bakewell, F. W. H. Clay, and C. P. Byrnes, for complainant.

Philip Farnsworth (Edmund Wetmore, of counsel), for defendants.

RAY, District Judge. Judge Wheeler held defendants in contempt of the decree of the court in making and using and selling certain devices in violation thereof by an order made April 20, 1906. He referred it to John A. Shields, Esq., as special master, to ascertain and report in certain matters, among others "the total expense of this motion to complainant, including counsel fees, expense of typewriting and printing the motion papers on behalf of complainant, all expenses connected with obtaining evidence of violation of the injunction, and all other fees and expenses or disbursements of every kind and nature whatsoever caused and occasioned by the bringing and prosecution of this motion and the accounting hereby ordered." All questions of the punishment of defendants for violation of the injunction were ordered to stand over until the coming in of the master's report.

In substance, the findings of the master establish that defendants did not violate the injunction awarded and issued by making, using, and selling the specific device held to be an infringement. Another device was substituted, one which defendants seem to have considered a noninfringing device. However, Judge Wheeler held it was an infringement, and a violation of the injunction to make, use, and sell same. This adjudication was made about April 7, 1906. April 17, 1906, defendants applied to this court for time in which to substitute a noninfringing device. This application was decided May 1, 1906, and denied. Very soon thereafter the defendants made a substitution. The infringing devices were in use on ships mostly at sea, and I think the defendants are not properly chargeable with a willful violation of

154 F.—6

the injunction in its true spirit and meaning. After the order of April 7th they knew they were in contempt, but they could not change in a day or a week or properly cut off communication with ships at sea. During the time Judge Wheeler held the application for a suspension of the operation of the injunction, defendants should not be charged with a willful and contemptuous defiance of the order or decree of the court in the sense they well knew they were violating the injunction and intended so to do. Still they did violate the injunction and were in contempt as Judge Wheeler has held, and that holding is conclusive here. It can only be reviewed by the Court of Appeals. By such violation of such injunction the complainants have sustained damages to their business and in prosecuting the proceedings for contempt, viz., loss of sales, etc., at least $6,000, expenses $9,052.04, counsel fees $250, part of expenses of stenographer, etc., in this proceeding, $320, and the fees of the master are $300, in all $15,922.04. This sum $15,-922.04 is fixed as the amount of the fine to be imposed and which is imposed for the contempt.

One aspect of the case, that of shipment of infringing devices to Norway, seems to be covered by the decision of the Circuit Court of Appeals in Gould v. Sessions, 67 Fed. 163, 14 C. C. A. 366. As defendants indicate a purpose to appeal, the court will make any reasonable and authorized order pending a review of the holding of Judge Wheeler staying the collection of such fine on proper security being given.