MOREHOUSE et al. v. PACIFIC HARDWARE & STEEL CO. et al.

(Circuit Court of Appeals, Ninth Circuit. February 14, 1910.)

No. 1,744.

1. MOTIONS (§ 24*)—"ORDER TO SHOW CAUSE."

An "order to show cause" is but a means prescribed by law in the nature of a process to bring a defendant into court to answer plaintiff's demands.

[Ed. Note.—For other cases, see Motions, Cent. Dig. § 22; Dec. Dig. § 24.*

For other definitions, see Words and Phrases, vol. 6, pp. 5024–5027.]

2. BANKRUPTCY (§ 440*)—INJUNCTION—VIOLATION—PROCEEDINGS FOR CONTEMPT—REVIEW—"PROCEEDING IN BANKRUPTCY."

An order to show cause why petitioners should not be punished for contempt for violating an injunction of the court of bankruptcy in a collateral matter is not a "proceeding in bankruptcy" subject to review on an original petition, under Bankr. Act July 1, 1898, c. 541, § 24, 30 Stat. 553 (U. S. Comp. St. 1901, p. 3431), authorizing a review of such controversy by that mode.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 915; Dec. Dig. § 440.*]

3. BANKRUPTCY (§ 439*)—"PROCEEDINGS IN BANKRUPTCY."

"Proceedings in bankruptcy" reviewable on petition, as authorized by Bankr. Act July 1, 1898, c. 541, § 24, 30 Stat. 553 (U. S. Comp. St. 1901, p. 3431), include all questions arising in the administration of the bankrupt's estate, such as the appointment of receivers and trustees, orders requiring the bankrupt to surrender property of the estate, orders requiring the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

bankrupt's voluntary assignee to surrender property of the estate, orders giving priority to the claims of a creditor, and directing a set-off of mutual debts, and orders confirming compositions.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 915; Dec. Dig. § 439.*

For other definitions, see Words and Phrases, vol. 1, pp. 703, 704.]

Petition to Review Proceedings of the District Court of the United States for the District of Nevada, in Bankruptcy.

In the matter of bankruptcy proceedings against the Exploration Mercantile Company, instituted by the Pacific Hardware & Steel Company and others, petitioning creditors, in which an injunction was issued against the bankrupt and others. An order was thereafter granted requiring petitioners to show cause why they should not be adjudged guilty of contempt for disobeying the injunction, and petitioners filed a petition to review. Dismissed.

This is a petition to review an order in bankruptcy. The petitioners allege: That on August 6, 1908, W. C. Stone filed in the district court for the First judicial district of Nevada for Esmeralda county a complaint, praying that a receiver be appointed for the Exploration Mercantile Company, a corporation of that state. That on said petition C. E. Wylie was appointed receiver, and took possession of the estate of said corporation. That thereafter, on September 12, 1908, the respondents herein filed in the United States District Court for Nevada a petition in bankruptcy, praying that the said Exploration Mercantile Company be adjudged a bankrupt. That said District Court issued an injunction against the alleged bankrupt, Walter C. Stone, and C. E. Wylie, as receiver, their agents, servants, attorneys, and counselors, and also a restraining order directing said parties to appear on September 18th and answer a motion for the said injunction and restraining order. That on said last-named date said alleged bankrupt appeared and moved the District Court to dissolve said injunction. That said motion was heard but not decided. That thereafter, on July 9, 1909, the petitioners were required to appear in said District Court on July 21, 1909, to show cause why they and each of them should not be adjudged guilty of contempt for disobedience of said injunction, and said order to show cause. That said injunction order was erroneous for the reasons: First, that said proceeding in the state court was not an action based upon a claim due or demand provable or dischargeable in bankruptcy, and that therefore the District Court had no power to issue the injunction; second, that by section 720 of the Revised Statutes (U. S. Comp. St. 1901, p. 581) said court was prohibited from issuing an injunction to stay proceedings in the state court; third, that the proceeding in the state court was not a bankruptcy or insolvency proceeding; fourth, that the petition in bankruptcy, filed by the petitioner's creditors, does not specify any act or ground of bankruptcy; fifth, that the state court had separate and independent jurisdiction over which the federal court had no supervisory power, and had complete jurisdiction before proceedings were taken in bankruptcy.

Thompson, Morehouse & Thompson, for petitioners.

J. L. Kennedy, for respondents.

Before GILBERT and MORROW, Circuit Judges, and HUNT, District Judge.

GILBERT, Circuit Judge (after stating the facts as above). The respondents move to dismiss the petition on several grounds, only one of which need be considered; and that is, that the matter complained of is not reviewable until the petitioners shall have been adjudged guilty of contempt in the court below. If the order which is com-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

plained of were conceded to be an order in a bankruptcy proceeding proper, and of the class of proceedings which are made subject to the supervisory control of this court, it would seem, nevertheless, that it is not reviewable on petition for the reason that it is not an interlocutory order which determines any substantial right of the petitioners. An order to show cause is but the means prescribed by law for bringing the defendant into court to answer the plaintiff's demands. It is in the nature of process, and, in jurisdictions where interlocutory orders are made appealable if they affect substantial rights, it is held that an order to show cause is not of that nature. Gray et al. v. Gaither, Ex'r, 71 N. C. 55; McAuliffe v. Coughlin, 105 Cal. 268, 38 Pac. 730.

But, conceding the order to show cause to be a judgment of the court affecting a substantial right, we are of the opinion that a proceeding to punish for contempt one who has committed an act in violation of an injunction of a court of bankruptcy in a collateral matter, as in this case, is not a "proceeding in bankruptcy" which is subject to review in this court on original petition. Section 24 of the bankruptcy act of 1898 (Act July 1, 1898, c. 541, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3431]), establishes the appellate jurisdiction of Circuit Courts of Appeals over "controversies arising in bankruptcy proceedings" and their jurisdiction in equity, "either interlocutory or final, to revise in matter of law proceedings of the inferior courts of bankruptcy." Section 25a provides for appeals from judgments in three certain enumerated steps in bankruptcy proceedings, "in respect of which special provision therefor was required." Holden v. Stratton, 191 U. S. 115, 24 Sup. Ct. 45, 48 L. Ed. 116. There is in the language of the act nothing to indicate that the revisory power so given to the Circuit Courts of Appeals is more extensive than that which was exercised by the Circuit Courts under Bankr. Act March 2, 1867, c. 176, 14 Stat. 517. In Lathrop v. Drake, 91 U. S. 516, 23 L. Ed. 414, it was held that the appellate jurisdiction conferred on the Circuit Courts by the act of 1867 was of two classes of cases, one to be exercised under a petition for review, the other by the ordinary appeal or writ of error. The same distinction has been recognized in construing the bankruptcy act of 1898, and it has been held that the provisions for appeal and for review on petition are mutually exclusive, and that the revisory jurisdiction does not include any orders or decrees which are appealable or reviewable on writ of error. In re Rusch, 116 Fed. 270, 53 C. C. A. 631; Walter Scott & Co. v. Wilson, 115 Fed. 284, 53 C. C. A. 76; In re Friend, 134 Fed. 778, 67 C. C. A. 500; In re Mueller, 135 Fed. 712, 68 C. C. A. 349; Odell v. Boyden, 150 Fed. 731, 80 C. C. A. 397; Hewit v. Berlin Machine Works, 194 U. S. 296, 24 Sup. Ct. 690, 48 L. Ed. 986; First National Bank of Chicago v. Chicago Title & Trust Co., 198 U. S. 280, 25 Sup. Ct. 693, 49 L. Ed. 1051.

It is conceivable that the line of demarcation between "proceedings in bankruptcy" and controversies at law and in equity, arising "in the course of bankruptcy proceedings," may in some cases be obscure; but, generally speaking, the former include all questions arising in the administration of the bankrupt's estate, such as the appointment of receivers and trustees, orders requiring the bankrupt to surrender property of the estate in bankruptcy, orders requiring the bankrupt's volun-

tary assignee to surrender property of the estate, orders giving priority to the claim of a creditor, orders directing a set-off of mutual debts, and orders confirming the composition. These are questions which, with a view to the prompt administration and distribution of the assets of the bankrupt, the law permits to be summarily disposed of by revision. The latter include all controversies and questions arising between the trustee and adverse claimants of property as property of the estate, whether the property be in his possession or theirs. The order which is sought to be reviewed in the present case is one made in a proceeding for contempt. It was not made with a view to obtain possession of property of the bankrupt, or to enforce a prior order of the court, but it is a criminal proceeding to punish by fine or imprisonment those who have been guilty of violating an injunction of the court. Such a proceeding has nothing to do with the estate in bankruptcy. It is the exercise of the court's power to preserve order in its judicial proceedings and enforce its own orders. It is a proceeding prosecuted for the benefit of the government, the courts, and the public. Section 2(13) of the bankruptcy act gives the court of bankruptcy power to enforce obedience, by its officers and other persons, to all lawful orders, by fine or imprisonment, or both. But the power of a court of bankruptcy to punish for a contempt does not rest alone upon the statute. It is a power which is inherent in all courts. Said the court in Ex parte Robinson, 19 Wall. 505, 22 L. Ed. 205:

"The moment the courts of the United States were called into existence and invested with jurisdiction over any subject, they became possessed of this power."

A proceeding to punish for contempt committed in violation of an injunction issued in any suit or proceeding is a proceeding entirely distinct and separate from that in which the injunction was issued, and judgment therein is always reviewable by a writ of error even before final decree in the original case. Bessette v. W. B. Conkey Co., 194 U. S. 324, 24 Sup. Ct. 665, 48 L. Ed. 997; Bullock Elec. & Mfg. Co. v. Westinghouse Elec. & Mfg. Co., 129 Fed. 105, 63 C. C. A. 607; Butler v. Fayerweather, 91 Fed. 458, 33 C. C. A. 625; Gould v. Sessions, 67 Fed. 163, 14 C. C. A. 366. The case before the court is clearly distinguishable from Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405, in which the question involved was whether the bankruptcy act authorizes the trustee to compel by process for contempt, the surrender to the trustee of assets properly belonging to the estate, and In re Cole, 144 Fed. 392, 75 C. C. A. 330 (Id., 163 Fed. 180, 90 C. C. A. 50), in which the Circuit Court of Appeals for the First Circuit entertained jurisdiction upon a petition for revision of an order of the court of bankruptcy directing that the bankrupt turn over and deliver a certain sum of money to the trustee within 15 days, "in default of which she stand committed to the marshal of this district to be incarcerated until she obeys the order of this court," etc. Those were not proceedings to punish for contempt already committed, but orders, the purpose of which was to require the payment to the trustees of the money of the estate, and the commitments for contempt were alternative and for the purpose of compelling obedience to the orders.

The petition must be dismissed, with cost.