### In re HAMILTON AUTOMOBILE CO.

#### C. P. KIMBALL & CO. v. JOHNSON.

(Circuit Court of Appeals, Seventh Circuit. June 7, 1912.)

No. 1,909.

BANKRUPTCY (§ 440*)—PREFERENCES—PLENARY SUIT—JUDGMENT—REVIEW.

Where a bankrupt's trustee recovered judgment for an alleged preference in a plenary suit, such action was not a "proceeding in bankruptcy," and the judgment was therefore reviewable by appeal or writ of error, and not by a petition for revision.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 915; Dec. Dig. § 440.*

Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

Petition for Revision of Proceedings of the District Court of the United States for the Northern District of Illinois.

In the matter of bankruptcy proceedings of Hamilton Automobile Company. Action by E. H. Johnson, trustee, against C. P. Kimball & Co. to recover an alleged preference. Judgment was rendered for plaintiff, and defendant filed a petition for revision and review. On motion to dismiss. Granted.

James Rosenthal, for petitioner.
Clarence J. Silber, for respondent.

Before SEAMAN and KOHLSAAT, Circuit Judges, and SANBORN, District Judge.

PER CURIAM. Leave to file this petition was inadvertently allowed, as the petitioner presents no proceedings in bankruptcy reviewable under section 24b of the Bankruptcy Act. Act July 1, 1898, c. 541, 30 Stat. 553 (U. S. Comp. St. 1901, p. 3431). The judgment of the District Court whereof review is sought arose in a plenary suit, brought by the trustee in bankruptcy against the petitioner, to recover the value of an alleged unlawful preference,

pursuant to section 60b of the Bankruptcy Act; and the rule is well settled that the provision of section 24b is inapplicable to such judgments, so that they are reviewable only on writ of error or appeal pursuant to the general statutes. In re Rusch, 116 Fed. 270, 53 C. C. A. 631; In re Friend, 134 Fed. 778, 67 C. C. A. 500; In re Mueller, 135 Fed. 711, 68 C. C. A. 349. The Supreme Court has recently approved and adopted this rule, and the distinctions between "proceedings in bankruptcy" and "controversies at law and in equity" arising in the course of bankruptcy proceedings, on which it rests, in answer to a question certified by the Circuit Court of Appeals for the Sixth Circuit, in the case entitled Matter of Loving, 224 U. S. 183, 32 Sup. Ct. 446, 56 L. Ed. 725.

With the interpretation of section 24b thus determined by the Supreme Court, in accord with the prior rulings of this court, it is unnecessary to discuss or mention the various authorities cited in the brief of counsel as lending support to this petition. Review thereunder is unauthorized, and the petition is dismissed.