## SMITH v. COUCHER et al.

No. 4172.

District Court of Alaska. Fourth Division. Valdez.

Sept. 9, 1940.

John L. McGinn, of Fairbanks, for plaintiff.
Cecil H. Clegg, of Fairbanks, for defendant.

HELLENTHAL, District Judge.

Judgment was entered in this cause on the 15th day of September, 1938, at which time the judgment roll was made up. On the 8th day of November, 1939, Minda Hilty filed a petition herein to vacate the judgment, in which petition she alleges: that Al. Hilty, who was made a defendant in the original case, had died on September 16, 1937; that she, the petitioner, is the widow of said Hilty; that Hilty died intestate without lineal descendants and at the time of his death was seized and was entitled to the possession of one-eighth interest in a certain placer mining claim known as the Mosquito Placer Mining Association; that said interest of Al. Hilty upon his death descended by operation of law to your petitioner and that she, the petitioner, is the owner of said undivided one-eighth interest; that in June, 1938, the plaintiff brought suit against said Al. Hilty, knowing at the time that said Al. Hilty was dead, and thereupon caused a summons to be issued and returned not served by the United States Marshal and thereafter made application for

service of summons by publication, alleging that said Al. Hilty was not in and could not be found in the Territory of Alaska; whereupon an order was issued authorizing service of summons by publication and summons published; that the statements made in the affidavit supporting the application for service of summons by publication were untrue; whereafter the default of the defendant, Hilty, was entered, and thereafter on September 15, 1938, a hearing was had and the aforementioned judgment was rendered; that said judgment and decree is a cloud upon the title of the petitioner, Minda Hilty; that by reason of the foregoing facts the court never acquired jurisdiction of the defendant Al. Hilty, and that the judgment rendered is absolutely void and prays that said judgment be canceled and set aside.

On July 5, 1940, the petitioner, Minda Hilty, filed a motion for an order to show cause requiring the plaintiff John C. Smith to appear and show cause why said judgment and decree of September 15, 1938, should not be vacated and set aside. Whereupon on July 5, 1940, the court issued an order to show cause, requiring the above-named plaintiff to appear in this court at Fairbanks, Alaska, on the 19th day of August, 1940, at the hour of 10 A. M., to show cause, if any, why the judgment herein should not be vacated and set aside.

On August 19, 1940, the plaintiff John C. Smith, appeared specially for the purpose of the motion only and moved the court to dismiss the petition of Minda Hilty filed on November 8, 1939, and to dissolve the order to show cause issued out of this court on July 5, 1940, upon the ground that the court had no jurisdiction to entertain said petition or to grant petitioner the relief prayed for or any relief, and sets up several reasons therefor. This motion came on regularly for hearing on the said 19th day of August, 1940, at which time the court heard the argument of respective counsel, John L. McGinn representing the petitioner and Cecil H. Clegg representing the

plaintiff, and gave the attorney for the plaintiff time to furnish further authorities or file a brief in support of his said motion. On August 27, 1940, plaintiff filed a brief in which he challenged the jurisdiction of the court on three specific grounds: First, that there is now no suit pending in this court and cause in which the order to show cause was issued; second, that the order to show cause was issued on ex parte application of petitioner at a time when no cause was pending; and, third, that the petitioner was not a party of record in the original suit, never appeared therein neither in person or by attorney, and has now no standing as a petitioner.

The petitioner alleges that the plaintiff, knowing that Al. Hilty was dead, brought this action against him and took a judgment herein, and for the purpose of this hearing, this allegation must be considered as true. Therefore, the court is of the opinion that if said allegation is true, the judgment herein, as far as same affects any interest owned by Hilty, is void and that it necessarily follows that an action to declare the same such is not affected by laches.

15 R.C.L., Judgments, Sec. 59: "Death Before Suit. —Although there are decisions to the effect that where the plaintiff is dead at the time of commencing the suit, the judgment rendered therein is merely erroneous and not void, the sounder view and the one supported apparently by the weight of authority is that to invest a judgment for or against a deceased person with any validity, it is absolutely essential that jurisdiction should have attached during the lifetime of the plaintiff or defendant, and that if an action is commenced in favor of or against one already dead, the judgment rendered therein is absolutely null and void for want of jurisdiction, and the fact of death may be shown on either direct or collateral attack. Any party in interest can raise the question, since no judicial record will be sufficient to create an estoppel preventing production of proof of such death. * * *"

33 C.J., Judgments, Sec. 62: "Death of Party—In General. A judgment rendered for or against a party after his death, according to numerous decisions, is utterly void, and as such subject to collateral attack. But the great preponderance of authority is to the effect that where the court has acquired jurisdiction of the subject matter and the person during the lifetime of a party, a judgment rendered for or against him after his death, although erroneous and liable to be set aside, is not void or open to collateral attack. But if an action is begun against one who is dead at the time, and prosecuted to judgment, the judgment will be absolutely void for want of jurisdiction. * * *"

21 C.J., Equity, Sec. 874: "Negligence and Delay.— Aside from the question of the power of the court after enrollment or its equivalent, mere lapse of time will not preclude relief, * * *"

First, it is contended by the plaintiff that there was no suit pending at the time the order to show cause was issued. The court is of the opinion that the petition herein takes the place of a complaint, and that the order to show cause takes the place of a summons, and that the petition herein was sufficient to give the court jurisdiction to issue an order to show cause the same as a complaint after it is filed is sufficient for the issuance of a summons thereon. For certain purposes, however, the statute provides that a cause shall not be considered pending until summons is issued.

Sec. 880, Fraud (21 C.J., Equity): "* * * A void decree may be vacated on motion or petition."

15 R.C.L., Judgments, Sec. 142: "Authority as Affected By Nature of Judgment. * * * Judgments of United States Courts may be vacated on motion in like manner as judgments of state tribunals. Even though a void judgment is a nullity and may be safely ignored by those whose rights are attempted to be affected there-

by, it is well settled that a court will not permit a void judgment to encumber the record but will remove the ineffectual entry of such judgment from the record of its proceedings on proper application. * * *"

21 C.J., Equity, Sec. 874: "Limitations and Qualifications of Rule. There are certain well established qualifications or exceptions to the rule that on mere motion or petition a decree cannot be amended or vacated after its enrollment or the equivalent. The established exceptions, which constitute rather a part or a qualification of the general rule, involve mere irregularities in entering the decree or its enrollment, or clerical errors, * * *. or where the decree is void. * * *."

Ladd & Tilton v. Mason et al., 10 Or. 308–311: " * * * The order of the court below, of June 26, 1879, vacating the previous decree of June 19, 1877, and allowing appellants to be made parties defendant by a supplemental complaint, seems to us open to none of the objections urged by the appellants. The rule of law which prohibits courts from revising, changing, or reversing their own decisions, after the term at which they are rendered has expired, has no application to a case like the present. It applies only where the court has jurisdiction and the cause is heard upon its merits. In the present instance, as Mary Mason had obtained the legal title in the mortgaged property previous to the commencement of the foreclosure suit, the decree of foreclosure and sale entered before she was made a party was simply a nullity, the court having no jurisdiction to render it. The inherent power of the court to set aside and vacate such an entry, made without jurisdiction, at any time afterwards, whether at the same term it is made, or any subsequent term, seems hardly to admit of a serious doubt. Judgments, decrees or orders made without jurisdiction are not more binding upon the courts that enter them than upon persons sought to be affected by them. Not only may they be vacated to subserve the ends of justice between par-

ties litigant, but it would seem that they might be set aside by the courts upon their own motion, by virtue of their inherent power to correct their own records and free them from extraneous matter. * * *"

Schaffer v. Hurd, N.J.Ch.1925, 98 N.J.Eq. 143, 130 A. 228, 229: "A proceeding to open and vacate a decree, whether before or after enrollment, may be instituted by petition and order to show cause."

Huffman v. Huffman, 47 Or. 610, 86 P. 593–595, 114 Am.St.Rep. 943: "The remaining question is whether or not the court erred in refusing to vacate the part of the decree so assailed. Though jurisdiction of valid judgments and decrees ceases with the close of the term at which they are given, unless authority over them is retained by motion or other appropriate proceeding (Deering [& Co.] v. Quivey, 26 Or. 556, 38 P. 710), superior courts possess ample power at all times to vacate void judgments, decrees, and orders, and it is incumbent upon them to purge their records of the entries of such nullities when their attention is called thereto. * * *"

█ █ It is next contended that since the order to show cause was issued without notice that therefore the same is void. The court is of the opinion that this stand is not well taken for two reasons: First, because notice as such is not ordinarily served upon the parties to an action, but on attorneys, and that since this cause had gone to judgment it was closed and the attorney who had served in the case was no longer the attorney of the plaintiff; and, second, because an order to show cause constitutes legal notice, it would be superfluous to give notice before the issuance thereof, that any finding made in an order to show cause is not binding in any further proceedings.

34 C.J., Judgments, Sec. 564: "Notice or Process—(1) Necessity. During the term at which a judgment was rendered, it may be set aside for sufficient cause without notice to the party affected, unless notice is required by statute or rule of court. But after the term this action

cannot be taken except upon notice to the party or parties interested in maintaining the judgment, \* \* \*"

7 C.J.S., Attorney and Client, § 116: "\* \* \* Rendition and entry of judgment. On the assumption or presumption that an attorney employed for purposes of litigation is usually employed to conduct it to judgment and no further, it has often been laid down, as a general common-law rule, that the relation of attorney and client and the authority and powers of the attorney cease or terminate on the rendition and entry of final judgment in the suit. \* \* \*"

Morehouse v. Pacific Hardware & Steel Co., 9 Cir., 177 F. 337, 100 C.C.A. 647: " 'Order to Show Cause.' An 'order to show cause' is but a means prescribed by law in the nature of a process to bring a defendant into court to answer plaintiff's demands."

Spaeth v. Sells, C.C., 176 F. 797, 799: "An order to show cause is an order requiring a party to appear and show cause why a certain thing should not be done or permitted."

█  It is also contended that the petitioner, not being a party of record in the original suit, has no standing or right to file the petition herein. The court is of the opinion that under the allegations of the complaint the petitioner is shown to be the party interested and under the law the judgment attacked is void and not merely voidable, that the same can be attacked either directly or collaterally by anyone, and especially by an interested party.

21 C.J., Equity, Sec. 878: "Parties. \* \* \* The Court, however, is inclined to hear any party in interest, and will look beyond mere matter of form and in a proper case will vacate a decree on the petition of strangers. \* \* \*"

34 C.J., Judgments, Sec. 558: "Who May Apply. \* \* \* This rule is, however, subject to the limitation

that a person not a party may apply for the opening or vacation of the judgment where his rights are injuriously affected thereby. But a person whose interest was acquired after judgment cannot have the judgment vacated for irregularities of which the parties do not complain. A void judgment may be vacated and stricken from the record as a nullity at the instance of any person interested or affected thereby. A fraudulent judgment may likewise be attacked by creditors or others as to whom it is fraudulent, although they are strangers to the record. Persons who, while not parties to the record, are the real parties in interest affected by the judgment stand in such relation to the judgment that they are entitled to move to set aside or vacate it. * * *"

The court is of the opinion that for the reasons above set forth, an order should be entered overruling the motion to dismiss the petition of Minda Hilty filed November 8, 1939, and to dissolve the order to show cause, dated July 5, 1940.