### DOROSHOW v. OTT.

(Circuit Court of Appeals, Third Circuit. January 23, 1905.)

#### No. 48.

BANKRUPTCY—SUIT BY TRUSTEE—MODE OF REVIEW.

A suit in equity, commenced by a trustee in bankruptcy in a District Court against an adverse claimant of property to litigate the title thereto under authority of Bankr. Act July 1, 1898, § 67e (30 Stat. 564, c. 541 [U. S. Comp. St. 1901, p. 3449]), as amended by Act Feb. 5, 1903 (32 Stat. 800, c. 487 [U. S. Comp. St. Supp. 1903, p. 417]), is not a proceeding in bankruptcy, but an independent suit, and a decree or order therein is not subject to revision by the Circuit Court of Appeals under section 24b of the act (30 Stat. 553 [U. S. Comp. St. 1901, p. 3433]), although the District Court is also the court of bankruptcy administering the estate, and an injunction is also asked to restrain the defendant from prosecuting an action of replevin for the property in a state court.

[Ed. Note.—Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

Petition for Revision of Proceedings of the District Court of the United States for the District of New Jersey.

Thomas E. French, for appellant.

D. T. Stackhouse, for appellee.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

GRAY, Circuit Judge. This case comes before us upon petition for revision in matter of law of certain proceedings had in the District Court of the United States for the District of New Jersey, in bankruptcy. The petition alleges that, on December 28, 1903, the petitioner, Doroshow, purchased of Morris Glickman certain store goods; that afterwards, in the month of January, 1904, proceedings in bankruptcy were begun against Morris Glickman in the said Dis-

trict Court, in which S. Conrad Ott was, upon petition of creditors, appointed receiver, and thereupon the said Ott took into his possession, as property of the bankrupt, the store goods so sold, as aforesaid, to the petitioner; that petitioner filed an answer to the creditors' petition, on which said receiver was appointed, and asked for the restoration of said property, and for such further relief as he was entitled to. After a hearing, the said District Court, on the 1st day of February, 1904, granted an order, permitting petitioner to bring a suit in replevin against said Ott, receiver as aforesaid, for the recovery of said personal property and merchandise; that, in accordance with this order, petitioner brought a suit in replevin against the said Ott, receiver of Glickman, bankrupt, in the New Jersey Supreme Court, for the personal property and merchandise aforesaid. (On February 15, 1904, Morris Glickman was duly adjudged a bankrupt, and on the 27th day of February, 1904, S. Conrad Ott, the receiver, was duly elected trustee in bankruptcy for the estate of the said Glickman.) Petitioner states, and it more fully appears from the record, that in July, 1904, a bill in equity was filed by the said Ott, trustee in bankruptcy, as aforesaid. The allegations of said bill, upon which the prayers for relief are founded, recite, with much detail, the circumstances attending what is called a sale by Glickman, the bankrupt, of the goods and merchandise in his store, to his brother-in-law, Doroshow, the petitioner, a few days before the proceedings in bankruptcy were commenced; also the circumstances relating to the seizure by Ott, complainant in said bill, as receiver, of the said goods and merchandise found in the store of the said bankrupt (the subject-matter of said pretended sale), these allegations all tending to show that said sale was fraudulent and invalid as against the said trustee, and that, as such trustee, he was rightfully in possession of the same. The bill then prays: (1) That the order of the District Court, entered on the 1st day of February, 1904, authorizing the said Morris Doroshow to institute a replevin suit against complainant, be vacated. (2) That said defendant, Doroshow, may be enjoined from further prosecuting the now pending suit of replevin in the New Jersey Supreme Court against complainant, "until said defendant shall have fully answered this bill of complaint and this cause shall have been fully and finally determined by this honorable court, and that thereupon the said defendant may be perpetually enjoined therefrom." (3) That complainant may be empowered and directed to sell all personal property, free and clear of any lien of the said Doroshow thereon, and that the avails thereof may be held to abide the result of this suit, or until the further order of the court. (4) That the said pretended sale or transfer from the said claimant to the said Doroshow be decreed to be fraudulent, null and void, and of no effect as against your orator and all persons claiming by, through or under him. (5) A prayer for further and other relief, etc.

Affidavits supporting its allegations were filed with the bill, and an order to show cause why an injunction should not issue, according to the prayer of the bill, and why the complainants should not be empowered and directed to sell all the personal property de-

scribed in said bill of complaint, free and clear of any lien of the said Doroshow, the avails thereof to be held by said complainant to abide the event of this suit, or until the further order of the court. Upon a hearing of the order to show cause, the court, on the 18th day of July, 1904, ordered the preliminary injunction to issue, as prayed for in the bill. The said Doroshow concludes his petition to this court, as follows:

"That the last-mentioned order was erroneous in matter of law, in that said court had no power to make it; that said court should have discharged the order to show cause; that said order should have found the court without jurisdiction. Said court should have decreed the receiver estopped by his previous hearings and conduct from asking for the relief granted.

"Wherefore, your petitioner, feeling aggrieved because of such order, asks that the same may be revised in matter of law by your honorable court, as provided in section 24b of the bankruptcy law of 1898 and the rules and practice in such case provided."

Various objections to the right and power of the court to make this order for a special injunction, are urged by the petitioner. A question, however, as to the jurisdiction of this court to revise the proceedings in the District Court, referred to in said petition, meets us at the threshold of the case. The petition is presented to this court under color of authority conferred by section 24b of the bankrupt act of 1898 (Act July 1, 1898, c. 541, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3433]). That section is as follows:

"The several Circuit Courts of Appeal shall have jurisdiction in equity, either interlocutory or final, to superintend and revise in matter of law the proceedings of the several inferior courts of bankruptcy within their jurisdiction. Such power shall be exercised on due notice and petition by any party aggrieved."

Were the proceedings of the said District Court in this suit commenced by the bill in equity filed by the said trustee in bankruptcy against the said Doroshow, proceedings in bankruptcy, subject to the revision of this court, within the meaning of this section of the bankrupt law? They relate to alleged property of the said bankrupt, claimed by the said Doroshow, and ask, among other prayers for relief, for an injunction, special and permanent, restraining the said Doroshow from further prosecution of a suit of replevin in a state court, instituted against the said trustee for the said property. Summary proceedings by the bankrupt court for the determination of questions of title against adverse claimants, have not ordinarily been countenanced in bankrupt legislation, and the courts have been careful to avoid giving sanction to such proceedings in a bankrupt court, as would deprive outside parties and adverse claimants of their "day in court in the regular way,—that is, by pleadings, trial and judgment." Collier on Bankruptcy, 251.

In Lathrop, Assignee, v. Drake et al., 91 U. S. 516, 23 L. Ed. 414, Mr. Justice Bradley, speaking for the Supreme Court, says, with reference to the jurisdiction of the District Court under the bankrupt act of 1867 (Act March 2, 1867, c. 176, 14 Stat. 517):

"Of these there are two distinct classes: First, jurisdiction as a court of bankruptcy over the proceedings in bankruptcy initiated by the petition, and ending in the distribution of assets amongst the creditors, and the discharge or refusal of a discharge of the bankrupt; secondly, jurisdiction, as

an ordinary court, of suits at law or in equity brought by or against the assignee in reference to alleged property of the bankrupt, or to claims alleged to be due from or to him."

The suit in equity brought by the trustee against the petitioner in the District Court comes under the second head of jurisdiction thus described. Such a suit is authorized by section 67e of the present bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 564 [U. S. Comp. St. 1901, p. 3449]) as amended by the act of Feb. 5, 1903, c. 487, 32 Stat. 800 [U. S. Comp. St. Supp. 1903, p. 417] as follows, the italics representing the amendment made by the act last above referred to:

"And all conveyances, transfers, or incumbrances of his property made by a debtor at any time within four months prior to the filing of the petition against him, and while insolvent, which are held null and void as against the creditors of such debtor by the laws of the state, territory, or district in which such property is situate, shall be deemed null and void under this act against the creditors of such debtor if he be adjudged a bankrupt, and such property shall pass to the assignee and be by him reclaimed and recovered for the benefit of the creditors of the bankrupt. *For the purpose of such recovery any court of bankruptcy as hereinbefore defined, and any state court which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction.*"

In the case of In re Jacobs, 99 Fed. 539, 39 C. C. A. 647, there was a petition of review under said subdivison "b" of section 24. The case presented by the petitioner was one where the trustee in bankruptcy had brought a suit in equity in the District Court, where the bankruptcy proceedings, in which complainant was trustee, were pending, to vacate a deed of trust, conveying property of the bankrupt to the petitioner. The petitioner insisted that the District Court had no jurisdiction of the bill, and that the suit should have been brought in the courts of the state, or in a Circuit Court of the United States if diverse citizenship permitted, under the provisions of section 23 of the bankrupt act (30 Stat. 552 [U. S. Comp. St. 1901, p. 3431]), subdivision "b" of said section expressly providing that "suits by the trustee shall only be brought or prosecuted in the courts where the bankrupt, whose estate is being administered by such trustee, might have brought or prosecuted them, if proceedings in bankruptcy had not been instituted, unless by consent of the proposed bankrupt." (We have seen that the recent amendment to section 67e, above recited, has expressly authorized such a suit in the District Court of bankruptcy, as well as in the state court, or Circuit Court of the United States.) It was claimed that the District Court erred in entertaining the bill, and this error of law the Circuit Court of Appeals was asked to review. After an interesting discussion of decisions under the bankrupt law of 1867, the court says:

"In view of these adjudications upon the bankrupt act of 1867, we feel constrained to hold that it is only some action taken or order made in the bankruptcy proceeding itself which can be reviewed by an original petition addressed to this court, under subdivision 'b' of section 24 of the bankrupt act, and that the power thereby conferred 'to superintend and revise' the action of the District Court does not extend to suits brought in that court by the trustee in bankruptcy against third parties to collect the assets of the estate, or to suits brought by third parties against the trustee, whether such suits are rightfully or wrongfully brought in that court, as to which point we express no opinion at this time. Such suits as those last referred to, whether at law or in equity, are not proceedings in bankruptcy, or 'con-

troversies arising in bankruptcy proceedings,' within the meaning and intent of the law authorizing petitions for review, but they are suits which must be reviewed in the ordinary way, by appeal or writ of error, when they have reached a final determination in the court of first instance. We can discover nothing in the language or policy of the recent bankrupt act which would seem to require the various Circuit Courts of Appeals to review every interlocutory order made or proceeding taken, in an ordinary action at law or in equity, in a suit between a trustee in bankruptcy and a third party, which happens to be brought in the District Court, simply because the trustee's title to the property claimed, or his liability to be sued, is founded on the bankrupt act. Nor do we believe that such a construction of the act was within the contemplation of Congress."

The Circuit Court of Appeals in Re Rusch, 116 Fed. 270, 53 C. C. A. 631, 633, after quoting the language of Mr. Justice Bradley in Lathrop v. Drake, supra, says:

"It follows that the power to revise by original petition here the ruling of the bankruptcy court, extends only to some order made in the bankruptcy proceedings proper, and does not embrace proceedings in suits brought by the trustee in bankruptcy against third parties."

We have no difficulty in saying that the petitioner, in the case at bar, has not presented a matter reviewable in this court under section 24b of the bankrupt law. The suit brought by the trustee against the petitioner in the District Court, was specially authorized by the amendment of the bankrupt act of 1903, above referred to. It is true, the District Court was the court of bankruptcy having jurisdiction of the bankrupt's estate, which the complainant, as trustee, was administering, but the suit in equity instituted by him was none the less an independent suit, and incapable of being characterized as a proceeding in bankruptcy, within the meaning of section 24b of the bankrupt act. We cannot here and now, upon this petition, consider the specifications of error made by the petitioner to the interlocutory decree of that court. The orders and decrees of the District Court in that suit, whether interlocutory or final, can only be reviewed in this court upon appeal regularly taken.

In the case of In re Russell, 101 Fed. 248, 41 C. C. A. 323, referred to by the petitioner, the bankrupt court entertained an application, based upon a petition of the trustee, asking for an order enjoining the Machinists' Supply Company from prosecuting its action of replevin for certain personal property claimed by it and in the possession of the said trustee, as property of the bankrupt. A rule to show cause was issued and served upon the plaintiff in replevin. On the return day of the rule, an order was made by the court, enjoining the prosecution of the suit as preliminary to a final adjudication of the rights of the parties, referring the claim of the said Machinists' Supply Company, the plaintiff in replevin, to a referee in bankruptcy, to take proofs and report. From this order, the Machinists' Supply Company took an appeal to the Circuit Court of Appeals. That court, however, decided that the order sought to be reviewed was not a final decision, and did not fall within any of the classes mentioned in section 25 of the bankrupt act (30 Stat. 553 [U. S. Comp. St. 1901, p. 3432]), and should have been presented for review, pursuant to section 24b, by a petition invoking the supervisory power of the court. The court, however, treated the appeal as though it were a petition for review, saying that they did not

intend "by doing so to make a precedent for the future." The Machinists' Supply Company insisted that the bankruptcy court was without jurisdiction to compel it to litigate its title to the property in question in the bankruptcy court, in a summary proceeding upon a petition. The court, therefore, could not decline jurisdiction under section 24b of the bankrupt act, as the order of the District Court brought up for review was clearly a proceeding in bankruptcy, and they sustained the action of the court in restraining, by this summary proceeding, the prosecution of the replevin suit, which was intended to take from the possession of the trustee in bankruptcy property held by him as belonging to the bankrupt's estate, and the court say:

"We should entertain no doubt that the Machinists' Supply Company was entitled to bring an action of trespass or trover for the recovery of the value of the property against the trustee in the state court. But the action brought, being replevin, is one for the seizure of property in the custody of the bankruptcy court, because in the custody of its officer, which, upon the principle decided in Freeman v. Howe, 24 How. 450, 16 L. Ed. 749, is protected from any interference by state process, or by the process of any other court not exercising supervisory jurisdiction. When property is in the actual possession of a court, this draws to it the right to decide upon conflicting claims to its ultimate possession and control (Rouse v. Letcher, 156 U. S. 47, 49, 15 Sup. Ct. 266, 39 L. Ed. 341); and, as between two courts exercising concurrent jurisdiction, the court which first acquires possession will maintain its possession intact. * * * We conclude that the order under review, so far as it stayed the prosecution of the replevin action, was properly made, and that, unless leave is obtained of the court of bankruptcy, the Machinists' Supply Company must bring its action in that court. By clause 'c' of section 19 of the bankrupt act [30 Stat. 551, U. S. Comp. St. 1901, p. 3430], it is entitled to a trial by jury. In Re Baudouine, we pointed out that, in the absence of provisions to the contrary in the act, it is to be presumed that Congress intended the ordinary procedure of courts of law or equity, according to the nature of the controversy, should be observed. The order under review, so far as it undertook to deprive the Machinists' Supply Company of the right to be heard in a plenary suit by a reference of the controversy to a referee, was an erroneous exercise of power, and to that extent should be reversed, with costs."

In the case before us, however, the course recommended by the Circuit Court of Appeals in In re Russell and in In re Baudouine, 101 Fed. 574, 41 C. C. A. 318, has been pursued by the trustee of the bankrupt estate, and a plenary suit in equity has been brought to litigate the title to the property and enjoin the suit in replevin. We are not dealing, as in the case just cited, with a summary order by the court to show cause, but with an interlocutory decree of the District Court in a plenary suit, which the trustee has elected to bring. The action of the court below in this suit can only be here reviewed upon appeal.

The petition for review must, therefore, be dismissed.