## McCARTY v. COFFIN.

(Circuit Court of Appeals, Fifth Circuit. February 7, 1907. Rehearing Denied March 12, 1907.)

No. 1,551.

1. BANKRUPTCY—ACTION BY TRUSTEE—MODE OF REVIEW.

A suit by a bankrupt's trustee to cancel a conveyance of real estate by the bankrupt and quiet the trustee's title to the property was a controversy arising in bankruptcy proceedings, which the Circuit Court of Appeals had jurisdiction to review by appeal, as provided by Bankr. Act July 1, 1898, c. 541, § 24a, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3431], and was not within Act July 1, 1898, c. 541, § 25a, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432], authorizing a review of certain proceedings in bankruptcy by a petition to revise.

[Ed. Note.—Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

2. SAME—EXEMPTIONS.

The exemption laws of the state where the bankrupt has his domicile control the exemption allowed in bankruptcy proceedings as provided by Bankr. Act 1898, § 6.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 604.]

3. HOMESTEAD—EXEMPTIONS—ABANDONMENT.

A bankrupt owning a business homestead in Texas, which was exempt under the Texas laws, made an assignment of all of his nonexempt property on March 29, 1905, and on April 3, 1905, conveyed such homestead to defendant. Held, that since the bankrupt was entitled to a reasonable time after the cessation of his business by the assignment to embark in a new business, for which he was entitled to use his business homestead, which had not expired at the time of the conveyance to defendant, there had been no abandonment of such homestead at the time of the conveyance, so as to render the homestead subject to the claims of the bankrupt's creditors.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 25, Homestead, §§ 330, 331.]

Appeal from the District Court of the United States for the Northern District of Texas.

Sam J. Hunter and Theodore Mack, for appellant.
Wm. J. Berne, for appellee.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

SHELBY, Circuit Judge. This is a suit brought by the appellee, F. S. Coffin, as trustee of the estate of T. C. Wier, a bankrupt, to cancel

a conveyance made by the bankrupt and his wife to John E. McCarty, the appellant: The trial resulted in a decree canceling the deed, and McCarty, the vendee, has appealed to this court, and assigns, with proper specifications, that the District Court erred in rendering the decree.

The pleading beginning the suit filed by the trustee in the district court alleged that the plaintiff upon his appointment as trustee came into the actual possession of certain real estate which is described; that John E. McCarty makes some claim of ownership to the premises; but that "said claim is subordinate and is void as to the title of the estate thereto." Section 3a of the petition is as follows:

"3a. Aforesaid McCarty claims that when the bankrupt, T. C. Wier, made an assignment under the state law, and also thereafter, and when Wier conveyed to McCarty the premises described in section 2 above, said premises were and constituted Wier's business homestead, and were not subject to his debts. But the trustee avers, on information and belief, that when Wier executed and delivered said deed of assignment, which was on or about March 29, 1905, and also thereafter, and when he attempted to convey said premises to McCarty, which was on or about April 1, 1905, and also prior thereto, said premises were not the homestead of Wier, and same were subject to the payment of his debts."

It is further alleged that Wier's conveyance to McCarty was in payment of an antecedent debt, and that the value of the premises conveyed was more than sufficient to pay Wier's debt to McCarty; that Wier was insolvent when he made the conveyance, and that it was made to hinder, delay, and defraud his remaining creditors; and that McCarty received the conveyance with notice of these facts. In concluding his petition, the trustee "asks" that McCarty be summoned to show cause why his claim should not be canceled, and the estate be decreed to have the title to the premises, and that the estate "be given all relief to which it may be entitled."

McCarty appeared and answered. The following is an excerpt from his answer:

"That the lot in question, which is situated in the unincorporated village of Wilson, in Comanche county, Tex., where the said T. C. Wier, bankrupt, had also at that time, to wit, on the 3d day of April, 1905, his residence in another house on another lot, consisting of one-fourth acre of land, and he also owned another lot at said village, which he used in connection therewith as the homestead of himself and family, consisting of his wife and six children; that the lot in controversy is now and was then of the value of about $300, and it and the other two lots were situated in the village of Wilson aforesaid, and on said 3d day of April, 1905, were all used and held by him as a part of his homestead for himself and family, all of which were of the value in the aggregate not more than $2,000, including improvements, all three of which he then claimed and used as his homestead, and on said day, joined by his wife, L. M. Wier, conveyed the same to your respondent for a valuable consideration, they having sold the same to your respondent on the 29th day of March, 1905, and delivered possession thereof to him, agreeing to convey the same immediately, and on the 3d day of April, 1905, did convey the same to your respondent, which deed was duly registered on the 8th day of April, 1905, in the records of deeds of Comanche county; that, upon the delivery of said storehouse and lot to your respondent on said 29th day of March, 1905, he took possession thereof on that day. * * * Wherefore, respondent says that said property at the time of the sale thereof to him and at the time of the conveyance thereof aforesaid was the homestead of said T. C. Wier and wife, and

that the creditors of the bankrupt had no interest or right therein, and the trustee, Coffin, has no right therein."

The case was heard first by the referee, who decided against McCarty and canceled the deed Wier and wife had made to him. This decision was affirmed by the District Court. From this decree, as we have before stated, this appeal is taken.

The appellee has moved to dismiss the appeal. The grounds of the motion in brief are that an appeal does not lie in this case; that this is a summary proceeding, and is a "proceeding in bankruptcy," as distinguished from a controversy in law and in equity arising in the course of bankruptcy proceedings. We consider this motion before stating the case on its merits.

The foregoing statement of the allegations of the petition which began this suit shows it to be in substance one to cancel the title held by McCarty and to decree that the title was in Coffin as trustee. The petition is variously called by the parties in the subsequent proceedings a motion, a summary proceeding, and a bill. It is not written with that technical skill and proper formality usually found in a bill to cancel an adverse conveyance and to vest title in the complainant, but we find in the pleading all the necessary averments, and it concludes, if not with the usual prayer, by asking the court to grant the relief sought. The suit raises a distinct and separable issue, and is one of those "controversies arising in bankruptcy proceedings" over which the Circuit Courts of Appeals have appellate jurisdiction under section 24a of the bankruptcy act of 1898 (Act July 1, 1898, c. 541, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3431]). The case does not fall within section 25a, which relates to appeals from judgments in certain enumerated steps in bankruptcy proceedings. Hewit v. Berlin Machine Works, 194 U. S. 296, 300, 24 Sup. Ct. 690, 48 L. Ed. 986; Dodge v. Norlin, 133 Fed. 363, 66 C. C. A. 425. The motion to dismiss the appeal is overruled. We now consider the case on its merits.

The facts appear in the findings of the referee and also in the depositions of the witnesses and written documents offered in evidence. The material facts may be briefly stated. For more than two years before March 29, 1905, T. C. Wier owned and occupied the lot in controversy and conducted a mercantile business in a house situated on it. The storehouse and lot were situated in the village of Wilson, Comanche county, Tex. Wier was the head of a family. He became insolvent and embarrassed in his business, and employed the appellant, McCarty, who was a practicing attorney at law, to advise him in reference to his business embarrassments and to write for him a deed of assignment under articles 71 and 73 of the Revised Statutes of Texas of 1895. By this assignment he was to convey to a trustee for the benefit of his creditors all of his property, except such as was exempt under the laws of Texas. With that end in view, he made an oral contract with McCarty March 27, 1905, in which McCarty agreed to write the assignment for Wier, for which Wier agreed to pay him the sum of $300. Wier further agreed to convey to McCarty the aforesaid homestead lot to pay the agreed fee of $300. When this contract was made, Wier was insolvent, and this fact was known to McCarty. On that day,

March 27, 1905, McCarty wrote and delivered to Wier a deed prepared for the signature of Wier and wife, conveying the lot to McCarty. It was also agreed between McCarty and Wier that the former would reconvey the lot to the latter for $300 whenever the latter wanted such reconveyance. In this deed the consideration was stated to be $600; this being done to enable McCarty to sell the property at a higher price than he would be able to do in the event the consideration had been stated to be only $300. The real value of the lot, however, was about $600. On March 29, 1905, Wier executed and put on record the deed of assignment, in which he conveyed to one Reed all of his nonexempt property, in trust for the benefit of those creditors who would accept their pro rata share of the proceeds of the property conveyed and release Wier from their claims. This deed of assignment was written by McCarty in pursuance of the contract of March 27th between him and Wier. On April 3, 1905, Wier and his wife executed the deed conveying the property in question to McCarty, and on that day it was delivered to McCarty. Wier's creditors were dissatisfied with the assignment made to Reed for their benefit, and it is not shown that any one of them accepted it. Wier made some efforts to compromise his indebtedness with his creditors, but failed to make any adjustment. On April 14, 1905, Wier filed in the bankruptcy court his petition to be adjudged a bankrupt, and he was adjudged a bankrupt on that day, and F. S. Coffin, the appellee herein, was made the trustee of the bankrupt's estate, and soon thereafter brought this suit and obtained the decree canceling the deed to McCarty, which is assigned as error on this appeal. By the laws of Texas it is provided that a homestead in a village shall consist of a lot or lots not to exceed $5,000 in value at the time of their designation as a homestead, without reference to the value of any improvements thereon, provided the same shall be used for the purposes of a home, or the place to exercise the business or calling of the head of the family. Such homestead is protected from forced sale for the payment of all debts, except for the purchase money, taxes, or for work and material used in constructing improvements thereon. Const. Tex. art. 16, §§ 50, 51; Rev. St. Tex. 1895, §§ 2395, 2396. The exemption laws of the state where the bankrupt has his domicile control as to the exemptions allowed. Bankruptcy Act July 1, 1898, § 6, c. 541, 30 Stat. 548 [U. S. Comp. St. 1901, p. 3424].

The referee found, and the evidence shows, that the premises in controversy were Wier's homestead "down to the execution of the deed of assignment of March 29, 1905." The conveyance of the homestead by Wier and wife to McCarty was canceled, and the title to the lot divested out of McCarty and vested in Coffin as trustee of the bankrupt, on the theory that "the premises ceased to be the homestead upon the cessation of business by Wier, which was simultaneous with the making of the deed of assignment"; and upon the further ground that the agreement between Wier and McCarty of March 27, 1905, and the subsequent conveyance on April 3, 1905, were fraudulent as against the creditors of Wier. The holding was to the effect that Wier, having conveyed by deed of assignment on March 29, 1905, all of his property, except his exempt property, to a trustee, and having quit business, his homestead ceased to be exempt on that day and became subject to

the payment of his general debts. It is not shown that Wier was indebted to any one for the purchase money of the lot, or for taxes, or for work or material used in constructing improvements on the lot. He was entitled, therefore, to the exemption as against the debts that he owed, unless he lost his homestead right by reason of the facts proved. Wier made the assignment of all of his property, other than that exempt by law, on March 29, 1905. On April 3d, five days after the assignment, he made the deed conveying the homestead to McCarty. We cannot concur in the view that Wier's assignment and cessation of business destroyed his homestead right. He was surely entitled to a reasonable time in which to embark in a new business. Only five days had elapsed between the assignment and cessation of business and the conveyance to McCarty. In Scheuber v. Ballow, 64 Tex. 166, 168, the court said:

"The owner may fail in business, but he is not limited to any one occupation. A reasonable time, therefore, ought to be allowed him to adapt himself to his changed condition, and the property will not be subject to execution unless it is clear that there has been an abandonment."

In that case there had been a lapse of eight days between the cessation of business and the sale of the business homestead, and the court held that the right of exemption had not been lost. In Hargadene v. Whitfield, 71 Tex. 482, 9 S. W. 475, the court held that a merchant failing in business has a reasonable time for settling up his old and to engage in a new business, during which interval the exemption of the place of business is not lost, nor would a change in the business affect the exemption. In Gassoway v. White, 70 Tex. 475, 477, 8 S. W. 117, the court confirmed the principle, citing the earlier case, that the mere failure of the owner of a business homestead and the consequent cessation of business in which he fails does not immediately subject the property to forced sale, and that a reasonable time ought to be allowed him to adapt himself to his changed condition, and that the property will not be subject to execution unless it is clear that there has been an abandonment. We find nothing in the record that would justify us in holding that the property in question had lost its homestead character on April 3, 1905.

The lot being Wier's homestead both at the time he made the oral contract with McCarty and at the time he and his wife made the conveyance to him, we cannot see that his creditors, or his trustee in bankruptcy representing his creditors, had any right of complaint. Property which is exempt by a positive statute from liability for the owner's debts is not susceptible of fraudulent alienation. As the creditors, even if they had reduced their claims to judgments, could not have the property levied on, or in any way subject it to the payment of the judgments, it is difficult to see how they have any right to object, as creditors of the owner, to his dealing with it as he pleases. Thompson v. McConnell, 107 Fed. 33, 36, 46 C. C. A. 124, and authorities there cited. Unless the thing conveyed be something out of which the creditor could have satisfied his claim in whole or in part, it is the rule in both the federal and the state courts that fraud cannot be successfully charged. Fraud upon creditors therefore cannot be predicated upon

the disposition of a homestead. 14 Am. & Eng. Ency. of Law (2d Ed.) 256, and cases cited in note 6.

There was much discussion at the bar and in the briefs as to the value of McCarty's services to Wier, and as to the consideration for the conveyance by the former to the latter, and as to the fact that the value of the lot exceeded the amount charged by McCarty for his services. We do not choose to enter on the discussion of these several questions. The appellee, as a trustee representing Wier's creditors, has no interest in those questions, and they are not before us for consideration.

It appears from the record that the appellee has obtained, or has been placed in possession of, the lot in controversy. From the views we have expressed, it follows that the decree of the District Court must be reversed, and the property in question surrendered to the appellant; and it is so ordered.