### KIRKPATRICK v. HARNESBERGER.

(Circuit Court of Appeals, Fifth Circuit. November 1, 1912.)

No. 2,360.

BANKRUPTCY (§ 440*)—RECOVERY OF PROPERTY—PLENARY SUIT—PETITION TO SUPERINTEND AND REVISE.

Where a plenary suit was brought by a bankrupt's trustee to recover money and property from a third person, the judgment therein was a judgment or decree in a controversy at law or in equity arising in bankruptcy proceedings, reviewable only by appeal, as provided by Bankr. Act July 1, 1898, c. 541, § 24a, 30 Stat. 553 (U. S. Comp. St. 1901, p. 3431), and not a proceeding in bankruptcy, reviewable by petition to review, under section 24 b.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 915; Dec. Dig. § 440.*]

Petition to Superintend and Revise Proceedings of the District Court of the United States for the Southern District of Georgia, in Bankruptcy; Wm. B. Sheppard, Judge.

Petition by M. V. Kirkpatrick against Wyatt A. Harnesberger, as trustee in bankruptcy of T. W. Kirkpatrick. Dismissed.

Samuel H. Myers, of Augusta, Ga., for petitioner.
William H. Fleming, of Augusta, Ga., for respondent.

Before PARDEE, Circuit Judge, and NEWMAN and MEEK, District Judges.

NEWMAN, District Judge. This is a petition to superintend and revise the action of the District Court for the Southern District of Georgia, and is brought here under paragraph "b" of section 24 of the Bankruptcy Act of 1898. The matter sought to be reviewed is a final decree in the case of Wyatt A. Harnesberger, Trustee in Bankruptcy, v. M. V. Kirkpatrick, rendered by the District Court on April 17, 1912.

The decree was entered in a plenary suit on the equity side of the court, brought by the trustee in bankruptcy of T. W. Kirkpatrick against M. V. Kirkpatrick, the wife of the bankrupt. The bill alleges that on October 24, 1906, T. W. Kirkpatrick filed his voluntary petition in bankruptcy, and on the same day was adjudged a bankrupt; that on October 17, 1906, Harnesberger was appointed trustee, gave bond, and duly qualified as such trustee; that on November 17, there-

after, the bankrupt was examined before the referee in bankruptcy, and stated the following facts:

"That for several years prior to April 3, 1906, he was the owner in his own name of certain real estate in the city of Atlanta, Ga., which on or about the 3d day of April, 1906, he sold for $5,500 in cash; that out of this sum he paid off several debts, and had remaining in his own hands on or about April 3, 1906, as a part of the proceeds of the sale of his said realty, the sum of $2,400; that on or about April 3, 1906, he delivered over to his wife, M. V. Kirkpatrick, the defendant, the entire sum of $2,400, and placed the same in her name in the Merchants' Bank of Augusta, Ga.; that the only money he owed his wife was $325, which she let him have about the year 1900, when he was living in Atlanta; that he delivered the entire $2,400 over to his wife in settlement of said debt of $325; that on or about April 24, 1906, his said wife, the defendant, took $1,500 of said money and bought out the stock of goods at the store of J. H. Echoff, 732 McIntosh street, Augusta, Ga.; that at said place a grocery store and bar are now being conducted in his wife's name, under his own immediate control and supervision, his said wife taking very little part in conducting said business; that there was still in the Merchants' Bank to the credit of his wife about $400 more of the $2,400 deposited there in her name as aforesaid."

After quoting the above facts from the testimony of the bankrupt before the referee, the bill proceeds:

"The debts due the creditors of said T. W. Kirkpatrick as set out in his schedule were in existence, as your orator is informed and believes, prior to April 3, 1906, the date when said T. W. Kirkpatrick delivered over to his wife the said $2,400 in cash in payment of a debt of $325, which act was in law a mere voluntary gift of the difference between the $2,400 and the amount of said debt, and is, therefore, void in law as against the creditors of said T. W. Kirkpatrick, who was at the time made insolvent by said gift, which resulted to the injury of his existing creditors, now represented by your orator.

"On November 19, 1906, your orator, as trustee aforesaid, made demand on the said defendant to pay over to him the balance of said $2,400, after deducting the amount of said debt due her by her husband; also to pay over to him the balance of said $2,400 now standing in the Merchants' Bank to defendant's credit; also to deliver over to him the stock of goods and other personal property in the store at 732 McIntosh street, Augusta, Ga., purchased with part of the said $2,400 as aforesaid, all of which demands were refused.

"The assets of said bankrupt estate in the hands of the trustee are not sufficient to pay the creditors, and, as your orator is informed and believes, the said defendant, M. V. Kirkpatrick, has no property of her own out of which a judgment in this suit could be realized."

The prayers were that the gift by Kirkpatrick to his wife of the difference between the $2,400 and the debt due her be declared null and void as against the creditors of Kirkpatrick existing at the date of the gift and now represented by the trustee; that the defendant be required to deliver over to the trustee any balance of the money now remaining in the Merchants' Bank of Augusta as part of the original deposit of $2,400; that she be required to deliver over a certain stock of goods, money, accounts, etc., bought with a part of the original $2,400 illegally paid by Kirkpatrick to his wife; that judgment be given against the defendant for the sum that should represent the difference between the amount of the gift illegally made to her and the amount of cash and value of property that she may, under the former prayers of the bill, deliver over to the trustee; that the trus-

tee have a writ of injunction restraining the defendant from disposing of certain property; and for such other and further relief as equity may require.

A subpœna, as is usual in equity, was attached to this bill, and an injunction was granted as prayed;, the order providing, however, that in the event the defendant should give bond, with good and sufficient security in the sum of $4,000, which should be approved by the court, conditioned to pay any judgment or decree that might be rendered against her in said cause, the provisions of the restraining order should thereupon be dissolved. A bond dissolving this injunction or restraining order was given on November 20th by M. V. Kirkpatrick, with Paul Heymann as surety.

There was an answer by the defendant, and a replication. The case was referred to the standing master, who made a report. The District Judge rendered an opinion on the question of jurisdiction. The report of the master was confirmed by the District Judge presiding, and a final decree rendered against M. V. Kirkpatrick and Paul Heymann, the surety on the bond, for the sum of $2,075, with interest. The whole record shows that the proceeding was, as indicated above, a plenary suit, brought by the trustee of the bankrupt against the wife of the bankrupt, to recover certain funds alleged to have been given her by the bankrupt.

This is a case where a petition to superintend and revise is inapplicable. It has been often held by the courts, since the passage of the Bankruptcy Act of 1898 that section 24, par. "a," provides the proper method by which a case of this kind should be brought to the Circuit Court of Appeals, that is, by appeal, and that paragraph "b" of section 24 does not provide the proper method, but that it applies to matters coming within the administration of the bankrupt estate, and not to suits brought by the trustee against adverse claimants by plenary proceedings in equity. In McCarty v. Coffin, 150 Fed. 307, 80 C. C. A. 195, this court, in the opinion by Circuit Judge Shelby, said this as pertinent to the question involved here:

"The foregoing statement of the allegations of the petition which began this suit shows it to be in substance one to cancel the title held by McCarty and to decree the title was in Coffin as trustee    The petition is variously called by the parties in the subsequent proceedings a motion, a summary proceeding, and a bill. It is not written with that technical skill and proper formality usually found in a bill to cancel an adverse conveyance and to vest title in the complainant; but we find in the pleadings all the necessary averments, and it concludes, if not with the usual prayer, by asking the court to grant the relief sought. The suit raises a distinct and a separable issue, and is one of those 'controversies arising in bankruptcy proceedings' over which the Circuit Courts of Appeals have appellate jurisdiction under section 24a of the Bankruptcy Act of 1898 (Act July 1, 1898, c. 541, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3431]). The case does not fall within section 25a, which relates to appeals from judgments in certain enumerated steps in bankruptcy proceedings. Hewit v. Berlin Machine Works, 194 U. S. 296, 300, 24 Sup. Ct. 690, 48 L. Ed. 986; Dodge v. Norlin, 133 Fed. 363, 66 C. C. A. 425. The motion to dismiss the appeal is overruled. We now consider the case on its merits."

In Doroshow v. Ott, 134 Fed. 740, 67 C. C. A. 644, a case decided by the Circuit Court of Appeals for the Third Circuit, the substance of the opinion, by Circuit Judge Gray, is probably summed up in the headnote to the case, which is as follows:

"A suit in equity, commenced by a trustee in bankruptcy in a District Court against an adverse claimant of property to litigate the title thereto under authority of Bankr. Act July 1, 1898, § 67e (30 Stat. 564, c. 541 [U. S. Comp. St. 1901, p. 3449]), as amended by Act Feb. 5, 1903 (32 Stat. 800, c. 487 [U. S. Comp. St. Supp. 1903, p. 417]), is not a proceeding in bankruptcy, but an independent suit, and a decree or order therein is not subject to revision by the Circuit Court of Appeals under section 24b of the act (30 Stat. 553 [U. S. Comp. St. 1901, p. 3433]), although the District Court is also the court of bankruptcy administering the estate, and an injunction is also asked to restrain the defendant from prosecuting an action of replevin for the property in a state court."

In the same volume (134 Fed. 778, 67 C. C. A. 500) is the case of Tallcott v. Friend et al., etc., by the Circuit Court of Appeals for the Seventh Circuit. The second headnote in that case will show, also, what was decided by that court in the question under consideration in this case:

"Bankr. Act July 1, 1898, §§ 23, 24, 25 (30 Stat. 552, 553, c. 541 [U. S. Comp. St. 1901, pp. 3431, 3432]), establishes a clear distinction between proceedings in bankruptcy and controversies at law and in equity arising in the course of bankruptcy proceedings, and also, in connection with Act March 3, 1891, creating the Circuit Court of Appeals (26 Stat. 826, c. 517 [U. S. Comp. St. 1901, p. 547]), prescribe the manner in which judgments or orders in each class of cases are reviewable, and such particular mode is exclusive. A judgment or decree in a controversy at law or in equity arising in bankruptcy proceedings is reviewable by the Circuit Court of Appeals, under its organic act, and section 24a, by appeal or on writ of error, as may be appropriate, while a judgment or order in a proceeding in bankruptcy, if one of those specially enumerated in section 25a, is reviewable only by appeal, and, if not within such excepted cases, unless rendered on a jury trial, can only be reviewed on original petition as provided in section 24b."

District Judge Keller, delivering the opinion of the court for the Circuit Court of Appeals, Fourth Circuit, in Thompson v. Mauzy, 174 Fed. 611, 98 C. C. A. 457, from prior decisions of the courts, reached, as he states, this conclusion:

"That there is a clear distinction between 'controversies arising in bankruptcy proceedings' as mentioned in section 24a and the 'proceedings in bankruptcy,' which by section 24b, the Circuit Courts of Appeal are given jurisdiction to superintend and revise 'in matter of law'; the former being generally held to embrace questions between the trustee, representing the bankrupt and his creditors, on the one side, and adverse claimants, on the other, and not directly affecting those administrative orders and judgments ordinarily known as 'proceedings in bankruptcy,' and the latter being confined to those questions arising between the bankrupt and his creditors which are the very subject of such administrative orders and judgments, from the petition for adjudication to the discharge, and including the intermediate administrative steps, and such controversies as arise between parties to the bankruptcy proceedings as are involved in the allowance of claims, fixing their priorities, sales, allowances, and other matters to be disposed of summarily."

After thus·stating his conclusion from the authorities, Judge Keller proceeds:

"This distinction is emphasized by the provisions of section 23a, prescribing limitations of the Circuit Courts of the United 'States in controversies at law and in equity between trustees in bankruptcy, as such, and adverse claimants, concerning the property acquired or claimed by such trustees. In re Friend, 134 Fed. 778, 67 C. C. A. 500, and cases there cited. The distinction between 'controversies at law' and in equity between trustees and adverse claimants,' and 'proceedings in bankruptcy,' is pointed out and dwelt upon in Bardes, Trustee, v. First National Bank, 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175; and, although that case was decided prior to the amendment of 1903 (section 23), it is quite as authoritative upon the question of this fundamental distinction as when it was rendered. In Holden v. Stratton, 191 U. S. 119, 24 Sup. Ct. 45, 48 L. Ed. 118, the Supreme Court says: 'The distinction between steps in bankruptcy proceedings proper and controversies arising out of the settlement of the estates of bankrupts is recognized in sections 23, 24, and 25 of the present act, and the provisions as to revision in matter of law and appeals were framed and must be considered in view of that distinction.'"

In Morehouse v. Pacific Hardware & Steel Co., 177 Fed. 337, 100 C. C. A. 647, the Circuit Court of Appeals for the Ninth Circuit, in the opinion by Circuit Judge Gilbert, the following view of this question is expressed:

"It is conceivable that the line or demarcation between 'proceedings in bankruptcy' and controversies at law and in equity arising 'in the course of bankruptcy proceedings' may in some cases be obscure; but, generally speaking, the former include all questions arising in the administration of the bankrupt's estate, such as the appointment of receivers and trustees, orders requiring the bankrupt to surrender property of the estate in bankruptcy, orders requiring the bankrupt's voluntary assignee to surrender property of the estate, orders giving priority to the claim of a creditor, orders directing a set-off of mutual debts, and orders confirming the composition. These are questions which, with a view to the prompt administration and distribution of the assets of the bankrupt, the law permits to be summarily disposed of by revision. The latter include all controversies and questions arising between the trustee and adverse claimants of property as property of the estate, whether the property be in his possession or theirs."

In Hewit v. Berlin Machine Works, 194 U. S. 296, 24 Sup. Ct. 690, 48 L. Ed. 986, Chief Justice Fuller, in the opinion, to the same general effect as the above decisions, says this.

"If the trustee had carried the case to the Circuit Court of Appeals on petition for supervision and revision under section 24b of the Bankruptcy Law, the case would have fallen within Holden v. Stratton, 191 U. S. 115 [24 Sup. Ct. 45, 48 L. Ed. 118], and the appeal to this court would have failed. But he took it there by appeal, though accompanied by some apparent effort to avail himself also of the other method. And as the Berlin Machine Works asserted title to the property in the possession of the trustee by an intervention raising a distinct and separable issue, the controversy may be treated as one of those 'controversies arising in bankruptcy proceedings' over which the Circuit Court of Appeals could, under section 24a, exercise appellate jurisdiction as in other cases. Section 25a relates to appeals from judgments in certain enumerated steps in bankruptcy proceedings, in respect of which special provision therefor was required (Holden v. Stratton, supra), while section 24a relates to controversies arising in bankruptcy proceedings in the exercise by the bankruptcy courts of the jurisdiction, vested in them at law and in equity by section 2, to settle the estates of bankrupts and to determine controversies in relation thereto (Hutchinson v. Otis, 190 U. S. 552

[23 Sup. Ct. 778, 47 L. Ed. 1179]; Burleigh v. Foreman, 125 Fed. 217 [60 C. C. A. 109])."

It is unnecessary to cite further decisions of the courts, as they seem to be substantially in accord and to the effect of the foregoing. On this subject see, also, Collier on Bankruptcy (9th Ed.) p. 507, et seq., Remington on Bankruptcy, vol. 2, p. 1712, et seq. and Loveland on Bankruptcy, vol. 2, p. 1414, § 808 et seq., wherein this question is discussed and the authorities cited.

It is perfectly clear, therefore, that this case could only come into this court and be heard on appeal, and not on a petition to superintend and revise. The petition must be dismissed; and it is so ordered.