### In re REAGOR.

### REAGOR v. HALL.

(Circuit Court of Appeals, Fifth Circuit. November 23, 1923.)

#### No. 4178.

1. Homestead ⚖︎165, 181(1)—Intent to abandon must be shown to defeat right; "abandonment."

Under the law of Texas, the burden of showing abandonment of a homestead once existing rests on the party attacking the claim, and there is no "abandonment" when the person entitled thereto intends to continue or resume the homestead use of the property.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Abandon—Abandonment.]

2. Homestead ⚖︎165—Owner, who ceases use of business homestead, has reasonable time to resume.

Under the law of Texas, the owner of a business homestead, who ceases to use it for business purposes, is entitled to a reasonable time to resume such use, during which time the right to exemption is not lost.

3. Bankruptcy ⚖︎303(3)—Evidence held not to support finding of abandonment of business homestead.

An assignment by bankrupt, a merchant, for the benefit of creditors, of his stock and all other property not subject to exemption, held not to support a finding of abandonment of his right to his store building and lot as a business homestead, under the law of Texas, especially where the only evidence of his intention was that he intended to resume business therein with borrowed capital.

Petition to Superintend and Revise from the District Court of the United States for the Northern District of Texas; Edward R. Meek, Judge.

⚖︎For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In the matter of Lynn Reagor, bankrupt; Vernor Hall, trustee. Petition by bankrupt to revise order of District Court. Petition granted.

Paul Carrington, of Dallas, Tex. (J. M. McCormick and Etheridge, McCormick & Bromberg, all of Dallas, Tex., on the brief), for petitioner.

M. M. Crane, of Dallas, Tex. (C. M. Supple, of Waxahachie, Tex., and Edward Crane, of Dallas, Tex., on the brief), for respondent.

Before WALKER and BRYAN, Circuit Judges, and GRUBB, District Judge.

WALKER, Circuit Judge. On April 20, 1922, the petitioner, Lynn Reagor, executed a voluntary assignment for the benefit of his creditors, the assigned property being described as follows:

"My entire stock of goods, wares, and merchandise, of every kind and character, also all store and office fixtures, together with all cash that I have on hand in safe or bank or banks in any place in the United States, the above being all the property owned by me not subject to exemption under the laws of the state of Texas."

That instrument contained the following provision:

"It is understood and mutually agreed that all accepting creditors will release the said Lynn Reagor from further liability."

On the date of its execution that instrument was filed for registration in the chattel mortgage records of the county. On the same day an involuntary petition in bankruptcy against the petitioner was filed, under which he was adjudged bankrupt on May 8, 1922. On May 13, 1922, petitioner filed schedules of property claimed as exempt, including therein a described lot in the city of Waxahachie, Tex., claimed as exempt as his business homestead under the law of Texas. Const. Texas, art. 16, §§ 50 and 51; Revised Statutes of Texas, art. 3786. The respondent, trustee in bankruptcy, filed a report which stated that the property claimed by petitioner as his business homestead should not be set apart to him for the reason, among others stated, "that he had abandoned same before he was adjudicated a bankrupt." The petitioner contested that report, putting in issue the just quoted allegation. After hearing evidence on the issue so raised, the referee reported that the lot mentioned is not exempt under the laws of Texas to petitioner as a business homestead, "in that he had abandoned same on the 20th day of April, 1922." The referee ruled against the other grounds upon which the business homestead claim was contested. The referee overruled an application of petitioner for a rehearing, and for leave to introduce additional evidence. Upon the referee's rulings being presented to the court by petition for review, those rulings were sustained. The action of the court is before us on petition to revise the same as to matters of law.

The evidence introduced before the referee on the hearing on the above-mentioned issue included testimony of petitioner and testimony of John H. Pierce, a witness for the petitioner. Petitioner's testimony on its face tended to prove that, when he made the assignment for the benefit of his creditors, he intended to go back into business in the

store on the lot in question, though it might be regarded as failing to show that he had or could procure capital with which to do business. The testimony of Pierce was to the following effect: Witness lives in Waxahachie, is in the live stock and produce business, and was in that business in April, 1922. Shortly after petitioner made his assignment, somewhere in the neighborhood of a week thereafter, witness, in response to a request by petitioner to furnish him money to buy produce with on a commission basis, agreed to do so, petitioner then agreeing to handle such produce in the building in which he had conducted his grocery business, but no definite terms were agreed upon. The store remained in the possession of the assignee, and thereafter of the receiver in bankruptcy, until after the stock of groceries therein was sold. Pierce was not impeached, and his testimony was not contradicted in any way. The report of the referee stated that he placed no faith whatever in the testimony of petitioner. It was admitted that the property in question was exempt to the petitioner as his business homestead up to the time of the execution by him of the above-mentioned assignment.

[1, 2] Under Texas decisions, the burden of showing abandonment of a homestead once existing rests on the party attacking the claim. Dunn v. Eckhardt, 256 Fed. 315, 167 C. C. A. 485. There is no abandonment of a homestead when the person entitled thereto intends to continue or resume the homestead use of the property. Woodward v. Sanger Bros., 246 Fed. 777, 159 C. C. A. 79. A destruction of petitioner's business homestead right was not effected by his making the assignment and ceasing to carry on the grocery business in which he had been engaged. He was entitled to a reasonable time thereafter in which to plan for and embark in the same or another business in the same place, during which interval the exemption of the place of business was not lost. Hargadene v. Whitfield, 71 Tex. 482, 9 S. W. 475; McCarty v. Coffin, 150 Fed. 307, 80 C. C. A. 195.

[3] Evidence of petitioner's lack of capital for use in the same or another business does not support a finding that he did not really intend to resume business in the store in which he had been doing business, when there is uncontradicted and unimpeached evidence of his having the intention to use that store in carrying on a business not requiring capital of his own and of his planning and arranging to do so. Malone v. Kornrumpf, 84 Tex. 454, 19 S. W. 607. The exclusion from consideration of petitioner's testimony on the ground that it was unworthy of credit cannot justify a finding which is unsupported by any evidence adduced.

The terms of the deed of assignment, conveying only property not subject to exemption, manifest petitioner's lack of intention to part with the store property, which was then exempt to him as his business homestead. Instead of any evidence adduced tending to prove that the petitioner did not intend to resume use of the store in carrying on business, the only evidence adduced which bore on the question of his intention in that regard was to the effect that, immediately after the making of the assignment, his intention to resume business in the store was manifested under circumstances indicating that that intention could

be carried out. We are of opinion that there was an absence of any evidence to support a finding that petitioner had the intention which is requisite to a destruction of his business homestead right. The action of the court in making a finding which was unsupported by evidence was erroneous.

Because of that error, the petition is granted.